Hearing Date and Time:  March 20, 2015
at 11:00 a.m. (Eastern Time)

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for New York City Human Resources Administration,
    New York City Department of Health and Mental Hygiene,
    New York City Department of Youth and Community Development,
    And Mayor's Fund to Advance New York City
100 Church Street
New York, New York 10007
(212) 356-2113

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                          :
In re:                                :      Chapter 11
                                          :
FEDERATION EMPLOYMENT AND      :
GUIDANCE SERVICE INC. d/b/a FEGS,   :      Case No. 15-71074 (REG)
                                          :
                 Debtor.[1]        :
-------------------------------------------------------------X

**STATEMENT OF THE CITY OF NEW YORK IN SUPPORT OF**
**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
<u>**CONTRACTS AND UNEXPIRED LEASES**</u>

The City of New York (the "**City**"), and its agencies, including the New York City Human Resources Administration ("**HRA**"), the New York City Department of Health and Mental Hygiene ("**DOHMH**"), the New York City Department of Youth and Community Development ("**DYCD**") (each an "**Agency**" and hereinafter collectively referred to as the "**Agencies**"), and the Mayor's Fund to Advance New York City ("**Mayor's Fund**") (together, the Agencies and the Mayor's Fund will be hereinafter collectively referred to as the "**City Parties**"), by their counsel, ZACHARY W. CARTER, Corporation Counsel of the City of New York, as and for their statement in support of the motion dated March 18, 2015 [Docket No. 14], of Federation Employment and Guidance Service Inc. d/b/a/ FEGS, the debtor (the "**Debtor**" or

---

[1]    The last four digits of the Debtor's federal tax identification number are 4000.

"**FEGS**") in the above-entitled case, seeking an order authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "**Assumption Motion**"), respectfully state as follows:

**Background**

1. On March 18, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition before this Court for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §101, *et seq.*).

2. The Debtor also filed the Assumption Motion on the Petition Date, as one of its "First Day Motions," along with the "Amended Affidavit of Kristin Woodlock Pursuant to Local Bankruptcy Rule 1007-4 and In Support of First Day Motions" [Docket No. 16] (the "**Woodluck Affidavit**").

3. In the Assumption Motion, the Debtor seeks authorization to assume and assign certain agreements relating to social services historically provided by FEGS. As set forth in the list attached to the Assumption Motion as Exhibit B, the Debtor seeks to assume and assign certain contracts relating to programs of the City Parties, namely, five HRA programs, one DOHMH program, three DYCD programs, and one Mayor's Fund program (collectively, the **"City Parties Programs"**).[2] All of these contracts relate to the provision of essential services to highly vulnerable, at-risk clients under crucial City Parties Programs.

4. The Court set March 20, 2015, as the date for the hearing on the Debtor's First Day Motions, including the Assumption Motion.

---

[2] There is a DYCD program which is involved in a pending assignment and was discussed in ¶ 16(d) of the Assumption Motion, but apparently inadvertently omitted from the Debtor's Exhibit B, namely: Contract No.60787A, regarding the Young Adult Internship Program, which is being assigned to The Door, effective April 1, 2015. In addition, Exhibit B references a program named "LINK" that the Debtor seeks to assign to the Center for Alternative Sentencing and Employment Services, Inc. ("CASES"). DOHMH and the Debtor have agreed that underlying contract for that particular program is being partially assigned to CASES and partially assigned to another third party, EAC, Inc. Accordingly, DYCD and DOHMH request that the Debtor revise Exhibit B to accompany the proposed form of Order.

**The Pre-Petition Negotiations Involving the City Parties' Programs**

5. FEGS is a non-profit entity. Its roots go back to the Great Depression, and its primary purpose has been to provide social services to people who desperately need them. Its situation is fundamentally different from that of the usual commercial business company seeking chapter 11 protection. In this case, the rights of creditors and other stakeholders must, of course, be protected and furthered; however, the City respectfully urges that the needs of the Debtor's clients – and the potential for harm to them -- also should be given due consideration.

6. The Debtor discussed the circumstances behind its pre-petition determination that it would be unable to continue to provide services in connection with the City Parties Programs in the Assumption Motion, see ¶¶ 8-11, and the Woodluck Affidavit, see ¶¶ 19-30. When FEGS informed the City Parties of its prospective inability to continue offering such services, the City Parties cooperated with the Debtor as it undertook negotiations with third parties to take over FEGS's obligations. These negotiations were conducted at arms-length. However, all parties recognized that because the services provided by FEGS were so crucial, and its clients so vulnerable, the transition to a new provider needed to be as seamless as possible, with no interruption in services to clients. The pre-petition negotiations resulted in the agreements which the Debtor now seeks to assume and assign.

**The Need For Immediate Relief**

7. The City Parties agree with the Debtor that there is a need for immediate relief, and that failure to obtain such relief would result in immediate and irreparable harm. Not only would the creditors and other stakeholders suffer harm because of the continuing losses and drain on the Debtor's resources, but the clients of the Debtor would suffer immediate and irreparable harm if there were an interruption in services. See, In re United Healthcare Sys., 1997 U.S. Dist. LEXIS

5090 (D. N.J. Mar. 26, 1997), where the District Court on appeal held that a bankruptcy court should consider the public interest in promoting health when reviewing a motion to seek expedited sale and transfer of the debtor's hospital system which a governmental unit supported, and which otherwise was in the debtor's business judgment; the court further held that the nonprofit's board could consider its charitable mission when reaching its business judgment.

8. In contrast, granting immediate relief will not prejudice any other party. The City Parties agree with the Debtor that the contracts at issue do not present an opportunity for the estate to realize any value, see, Assumption Motion at ¶ 20, especially because the approval and consent of the relevant City Party would be required under the provisions of the agreements, as well as Section 365(c)(1)(A) and (B) of the Bankruptcy Code.

WHEREFORE, the City Parties respectfully request that the Debtor's Assumption Motion be granted in all respects, and that the Court grant to the City Parties such other and further relief as the Court determines to be just, proper and equitable under the circumstances.

Dated: New York, New York
　　　　March 19, 2015

Of Counsel:　Zachary B. Kass
　　　　　　　Davin J. Hall

　　　　　　　　　　　　　　　　ZACHARY W. CARTER
　　　　　　　　　　　　　　　　Corporation Counsel of the City of New York
　　　　　　　　　　　　　　　　Attorney for HRA, DOHMH, DYCD and Mayor's Fund
　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　Tel.: (212) 356-2113
　　　　　　　　　　　　　　　　E-mail: zkass@law.nyc.gov

　　　　　　　　　　　　　　　　By:　/s/ Zachary B. Kass
　　　　　　　　　　　　　　　　　　　Zachary B. Kass
　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel