**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

FEDERATION EMPLOYMENT AND GUIDANCE[1]    Chapter 11
SERVICE, INC. d/b/a FEGS,                Case No. 15-71074 (REG)

           Debtor.
-----------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(B) AND 105(A) OF THE BANKRUPTCY CODE (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT AND (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO**

Upon consideration of the motion (the "**Motion**")[2] of Federation Employment and Guidance Service, Inc. d/b/a FEGS ("**FEGS**" or the "**Debtor**" as debtor and debtor-in-possession in this chapter 11 case (the "**Chapter 11 Case**"), seeking entry of an Order, pursuant to sections 363(b) and 105(a), title 11, the United States Code (as amended, the "**Bankruptcy Code**"), authorizing (i) payment of all unpaid prepetition wages and salaries; (ii) payment of funds deducted from payroll, including without limitation, payroll related trust taxes, tax deposits, third party providers and processing fees; (iii) use of accrued PTO; (iv) reimbursement of employee expenses; (v) payment of employee benefits; and (vi) banks to honor any employee wage, salary and benefit checks with respect thereto, all as described more fully in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein; the Motion being a core proceeding pursuant to 28 U.S.C. § 157(B); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and appropriate notice of the Motion having been provided under the circumstances of this case; and it appearing that no other or further notice of the Motion need be provided; and an Objection to the Motion having been filed

---

[1] The last four digits of the Debtor's federal tax identification number are 4000.
[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3165629v.2

by Local 215, District Council 1707, American Federation of State, County and Municipal Employees ("**Local 215, DC 1707, AFSCME**"; and a hearing on the Motion having been conducted before this Court on March 20, 2015; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest; and upon the affidavit of Kristin Woodlock in Support Pursuant to Local Rule 1007-4 and in Support of First Day Motions, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent provided herein. The Debtor is hereby authorized, but not directed, to pay all unpaid Prepetition Wages and related Withholdings, subject to the maximum permitted amounts in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

2. The Debtor is authorized, but not directed, to continue the programs and policies as relate to PTO on a postpetition basis and to alter, modify, or discontinue such programs and policies as it deems necessary or appropriate in the ordinary course of business, without further notice to or order of the Court; provided, however, that nothing herein modifies the Debtor's obligations under section 1113 of the Bankruptcy Code. Notwithstanding the foregoing, the Debtor is authorized, but not directed, to (a) to continue to honor programs and policies as relate to PTO in the ordinary course of the Debtor's postpetition business operations during any Employees' continued postpetition employment by the Debtor, and (b) to continue to allow Employees to use their accrued prepetition and postpetition PTO Leave in the ordinary course of the Debtor's postpetition business operations during the applicable Employees' continued postpetition employment by the Debtor, provided that: (i) each Employee will be required to use

any accrued postpetition time first and, thereafter, any accrued prepetition time would be applied; and (ii) all requests for PTO Leave must be coordinated and approved by such Employees' Supervisor(s), consistent with past practices, so as not to disrupt the Debtor's business operations. Notwithstanding the foregoing, to the extent that relief is granted in the Order authorizing the payment of any amount that is otherwise required by applicable nonbankruptcy law to be paid (*i.e*., the payment of a trust fund tax), the Debtor shall comply with applicable nonbankruptcy law in the exercise of its discretion.

3. The Debtor is authorized, but not directed, to reimburse employees for Expenses incurred in the ordinary course of business. Any ordinary course Expense reimbursements shall not be considered payments to the Employee within Bankruptcy Code section 507(a)(4).

4. The Debtor is authorized, but not directed, to continue to allocate and distribute the Withholdings in accordance with its existing policies and prepetition practices or as required by applicable federal, state and local law, without regard to whether such amounts arose before or after the Petition Date.

5. To the extent that checks are issued to Employees or other entities in connection with the Prepetition Employee Obligations (including, but not limited to, prepetition Wages), the Banks upon which any checks are drawn in payment thereof, either before, on, or after the Petition Date are hereby authorized to honor such checks upon presentation.

6. All applicable Banks are authorized and directed, when requested by the Debtor, to receive, process, honor, and pay any and all checks drawn on the Debtor's accounts, payable under the terms of this Order, whether presented prior to or after the Petition Date. Such banks

and financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order.

7. The Debtor is authorized, but not directed, to reissue any check, electronic payment, or other transfer that was drawn in payment of any claims arising from, or related to, the Prepetition Employee Obligations that are not cleared by a depository.

8. Any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. Nothing contained in this Order shall modify the Collective Bargaining Agreement between Local 215, DC 1707, AFSCME and the Debtor, or the rights, obligations, claims, or defenses that each party may have thereunder or with respect thereto.

10. The Debtor is authorized, but not directed, to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding anything in this Order to the contrary, the payment of any claims pursuant to this Order and other honoring of the Prepetition Employee Obligations shall neither (a) make such obligations administrative expenses of the estate entitled to priority status under sections 503 and 507 of the Bankruptcy Code nor (b) constitute approval by this Court of any employee plan or program, including any incentive plans, under any section of the Bankruptcy Code, including section 503(c).

12. Nothing contained in this Order shall be deemed to be an assumption or adoption of any policy, procedure, or executory contract that may be described or referenced herein or in the Motion. The Debtor retains the discretion to not make the payments contemplated by this Order or the Motion for particular Employees and nothing in this Order will, in and of itself, constitute a promise or guarantee of any payment to any Employee.

13. The terms of this Order shall be immediately effective and enforceable upon its entry pursuant to Bankruptcy Rule 6004(h).

**Dated: Central Islip, New York**
**March 24, 2015**

**Robert E. Grossman**
**United States Bankruptcy Judge**

3165629v.2