UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Federation Employment and Guidance Service, Inc. d/b/a FEGS
Case No. 15-71074

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## GLOBAL NOTES

1.    Description of the Case

On March 18, 2015 (the "Petition Date"), the Debtor filed a voluntary petition with the Bankruptcy Court under Chapter 11 under case number 15-71074.  The Debtor currently is managing its property and business as a debtor-in-possession pursuant to the Bankruptcy Code.

2.    Basis of Presentation

The Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements", and collectively with the Schedules the "Schedules and Statements") of the Debtor have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtor with the assistance of its court-appointed advisors.  The Schedules and Statements are unaudited and the Debtor makes no representation that any of the financial information contained in the Schedules and Statements have been prepared in accordance with GAAP.

Although management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on the information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.  Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.  The Debtor reserves all rights to amend and/or supplement its Schedules and Statements as is necessary and appropriate.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any rights or claims of the Debtor against any third party, or with respect to any aspect of this chapter 11 case.

3.    Summary of Significant Reporting Policies

The Schedules and Statements have been signed by Ms. Kristin Woodlock.  In reviewing and signing the Schedules and Statements, Ms. Woodlock has necessarily relied upon the efforts, statements and representations of the Debtor's accounting and other financial personnel.  Ms. Woodlock has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.  In addition, the following conventions were adopted by the Debtor in the preparation of the Schedules and Statements:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Federation Employment and Guidance Service, Inc. d/b/a FEGS
Case No. 15-71074

a.    Debtor
The Debtor's Schedules and Statements were prepared using the assets and
liabilities  pursuant to such Debtor's accounting records.

b.    Reporting Date
The Debtor's Schedules and Statements were prepared with data as of the Petition
Date.  The Debtor closed its books immediately upon filing for Chapter 11 in
order to have a "clean cut-off" and to begin a new reporting period.  The Debtor
made all attempts to complete a "hard close" prior to filing the Schedules and
Statements, however due to the short time frame allotted several accounts may
continue to be adjusted after the Schedules and Statements are filed.

c.    Book Value
To the extent available, the appraised value of assets is noted; otherwise while
current valuations were obtained with respect to certain major assets, it was too
expensive and unduly burdensome to obtain current market valuations of the
Debtor's property interests. The carrying value on the Debtor's books (net book
value) of the Debtor's interests in property and of the Debtor's liabilities is
reflected on the Debtor's Schedules and Statements.

d.    Accounts Receivable and Payable
The Debtor maintains its own records pertaining to its accounts receivable and
payable.

e.    Property and Equipment - Owned
Unless otherwise noted, owned property and equipment are stated at net book
value.  Amounts ultimately realized from any asset, or the actual value of any
such asset to the extent it must be determined in connection with this chapter 11
case, may vary from the values stated in the Schedules and Statements and such
variance may be material. The Debtor reserves the right to contend and/or prove
that the value of any asset set forth in the Schedules may, in fact, be different
from the value ascribed to that asset in the Schedules.

f.    Property and Equipment - Leased
In the ordinary course of business, the Debtor leases equipment from certain
third-party lessors for use in daily operations. The property subject to such leases
is not reflected in the Schedules and Statements as either owned property or assets
of the Debtor or property or assets of third parties within the control of the
Debtor. Nothing in the Schedules and Statements is or shall be construed as an
admission or determination as to the legal status of any lease (including whether
any lease is a true lease or a financing arrangement), and the Debtor reserves all
rights with respect to any such issues.  Similarly, the Debtor may have in its
possession certain equipment which is owned by third party customers but which
remains in the Debtor's possession.  To identify each item would be unduly

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Federation Employment and Guidance Service, Inc. d/b/a FEGS
Case No. 15-71074

burdensome. Accordingly, such property and equipment is not reflected in the Schedules and Statements as owned property or property of third parties within the control of the Debtor.

g.    Payments to Creditors
The Debtor has scheduled payments to creditors made within the 90 days prior to the commencement of the Chapter 11 case on the appropriate Statement of Financial Affairs 3(b). The Debtor has not scheduled payments made to employees that were not officers or directors of the Debtor or one of its affiliates during the 90 days prior to the Petition Date to the extent such payments were ordinary course payments of wages or other compensation. These ordinary course payments represent thousands of transactions and are not listed in the Schedules and Statements.

h.    Intellectual Property Rights
Inclusion of certain intellectual property rights on the Schedules and Statements shall not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Accordingly, the Debtor reserves all of its rights with respect to the legal status of any such intellectual property rights.

i.    Causes of Action
The Debtor has not set forth all causes of action against all third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

j.    Schedule D
Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtor reserve its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Holders of secured claims by virtue of holding setoff rights against the Debtor are not included on Schedule D. Lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtor may not have scheduled all alleged mechanics' or material men's liens on Schedule D. The descriptions provided in Schedule D are intended only to be a summary of the information available to the Debtor. Finally, the balances reflected on Schedule D are, to the best of Debtor's knowledge as of November 30, 2014, and accordingly have not been reduced for authorized postpetition payments.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Federation Employment and Guidance Service, Inc. d/b/a FEGS
Case No. 15-71074

      k.    Schedule F

In accordance with certain "first day" and final orders, the Debtor is authorized to pay the prepetition claims of various creditors in the ordinary course of business. Payments made after the Petition Date pursuant to the first day orders may not be accounted for in Schedule F for the Debtor. The Debtor also expressly incorporates by reference into Schedule F all parties to pending and potential litigation listed in Exhibit 4(a) to the Debtor's Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims against the Debtor arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event any such executory contract is rejected. Not all such claims are listed on Schedule F.

      l.    Schedule G

The operation of the Debtor is complex. While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtor hereby reserves all its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. All executory agreements that are oral in nature have not been scheduled. The Debtor may be party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such documents are not set forth on Schedule G.

4.    Claims

The Debtor's Schedules identify creditors and set forth the Debtor's estimate of the claims of creditors as of the Petition Date. Such Schedules capture claims the Debtor were aware of as of the Petition Date but may not have captured all claims. Claim amounts will be amended as appropriate for any such items subsequently identified. In

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Federation Employment and Guidance Service, Inc. d/b/a FEGS
Case No. 15-71074

addition, payments have subsequently been made to certain claimants in accordance with
Bankruptcy Court orders in the Debtor's case. Accordingly, the actual unpaid claims of
creditors will differ from the amounts set forth in the Schedules and Statements.

5.    Employee Claims
The Bankruptcy Court entered "first day" and final orders granting authority to the
Debtor to pay certain prepetition and postpetition employee wages, salaries, benefits and
other obligations. Pursuant to such authority, the Debtor made postpetition payments to
employees on account of prepetition obligations. Accordingly, the Debtor believes that
almost all employee claims for prepetition amounts for which the Debtor has received
authorization to make payment either have been satisfied or are in the process of being
satisfied.

6.    Disputed, Contingent and/or Unliquidated Claims
Schedules D, E and F permit the Debtor to designate a claim as disputed, contingent
and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed,
contingent and/or unliquidated does not constitute an admission that such claim is not
subject to objection. The Debtor reserves its right to dispute, or assert offsets or defenses
to any claim reflected on these Schedules as to nature, amount, liability or status, or to
otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

7.    Accuracy
While the Debtor has sought to file complete and accurate Schedules and Statements,
inadvertent errors and omissions may exist. Accordingly, the Debtor reserve its right to
amend, modify, supplement, correct, change or alter any part of its Schedules and
Statements as necessary or appropriate..

8.    Global Notes Control
In the event that the Schedules and Statements differ from the foregoing Global Notes,
the Global Notes shall control.

*** END OF GLOBAL NOTES ***
*** SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE***

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Eastern District of New York

In re   **Federation Employment and Guidance Service, Inc.**          Case No.   **15-71074**
　　　　　　　　　　　　　　　　　　　　　Debtor(s)          Chapter   **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$221,657,456.00** | **OPERATIONS**<br>**7/1/11 - 6/30/12** |
| **$230,493,190.00** | **OPERATIONS**<br>**7/1/12 - 6/30/13** |
| **$225,121,114.00** | **OPERATIONS**<br>**2014** |

B7 (Official Form 7) (04/13)

---

**2. Income other than from employment or operation of business**

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

---

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None □

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **SEE ATTACHED** | | | |

None □

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **SEE ATTACHED** | | | |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None □

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Gina Ruisi and Joseph Ruisi v. FEGS Health and Human Services System Index No. 110523/2011** | **Alleged Negligence** | **Supreme Court New York County** | **Active** |

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Charles Curry, as legal guardian of Kevin Curry and Charles Curry, Individually v. F.E.G.S. Health and Human Services System and F.E.G.S. Holding Corp.<br>Index No. 107709/2011 | Alleged Negligence | Supreme Court New York County | Active |
| Brianna Davis, Inft. by her P/N/G Noel Davis, Noel Davis, Indiv. and Brianna Davis, Indiv. v. F.E.G.S, F.E.G.S. Health and Human Services, F.E.G.S. Procare Health Services, Inc., Southside Hospital, North Shore - LIJ Health System, Kanwal Chaudhry, M.D., Jean Charles, M.D., and Ann Carimbocs<br>Index No. 65662/2014 | Alleged Medical Malpractice | Supreme Court Suffolk County | Active |
| Carmen Ramirez and Ricardo Ramirez v. City of New York and New York Health and Hospital Corporation, and FEGS Health and Human Services System, and Federation Employment and Guidance Service, Inc., and Mattie Avicello<br>Index No. 805185/2013 | Alleged Negligence | Supreme Court New York County | Active |
| Maura Pedroso v. Federation Employment and Guidance Service, Inc., d/b/a F.E.G.S Health and Human Services System and F.E.G.S; and Marvin Berkowitz<br>Index No. 102408-2008 | Alleged Discrimination | U.S. District Court | Active |
| Yvette Acevedo, a mentally retarded person by Guardian Angel Acevedo v. Episcopal Social Services of New York, Inc., and John Does 1 through 10; Episcopal Social Services of New York, Inc., v. Federation Employment & Guidance Service, Inc. and F.E.G.S. Health and Human Services System (Third Party Defendants)<br>Index No. 109659/10 | Alleged Negligence | Supreme Court New York County | Active |
| Clarence Jones and Rick Bush v. 116 Nassau St. Associates, LLC., Federation Employment and Guidance Service, Inc., and Amtrust Realty Corp.<br>Index No. 505216/2013 | | Supreme Court Kings County | Active |
| Federation Employment and Guidance Service, Inc., v. Quentin Road Development, LLC<br>Index No. 502407/2013 | | Supreme Court Kings County | Active |
| Federation Employment and Guidance Service, Inc., v. Federation of Multicultural Programs, Inc.<br>Index No. 651935/2014 | | Supreme Court New York County | Active |
| 3480-3496 Broadway Associates, LLC v. Federation Employment and Guidance Services, Inc.<br>Landlord and Tenant Index No. 057549/15 | Summary Holdover Proceeding | Civil Court of the City of New York New York County | Active |
| Frank Xavier Bahamonde Realty, LLC (third party plaintiff) v. Federation Employment and Guidance Service, Inc., Hon. Caroline K. Smion-FEGS Central Islip Counseling Center and Xavier Realty LLC, A & F Landscaping & Al Pagnotta Landscape Contractors 3rd Party Deft;<br>Index No. 39085/2010 | Torts | Supreme Court Suffolk Count | Active |

B7 (Official Form 7) (04/13)

| None | b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|:---:|:---:|:---:|

### 5. Repossessions, foreclosures and returns

| None | List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|:---:|:---:|:---:|

### 6. Assignments and receiverships

| None | a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|:---:|:---:|:---:|

| None | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|:---:|:---:|:---:|:---:|

### 7. Gifts

| None | List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|:---:|:---:|:---:|:---:|

### 8. Losses

| None | List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|:---:|:---|
| ■ | |

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|:---:|:---:|:---:|

B7 (Official Form 7) (04/13)

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 12/4/2014 | $200,000 - Pre-Petition Retainer |
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 1/26/15 | $13,496.01 |
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 1/29/15 | $117,312.55 |
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 2/26/15 | $172,019.35 |
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 3/13/15 | $213,269.83 |
| Garfunkel Wild, P.C. 111 Great Neck Road Great Neck, NY 11021 | 3/17/15 | $180,000.00 |
| Rust Omni/Bankruptcy 5955 De Soto Avenue, Suite 100 Woodland Hills, CA 91367 | 3/15 | $15,000 - Retainer |
| Togut, Segal & Segal, LLP One Penn Plaza Suite 3335 New York, NY 10119 | 3/15/15 | $25,000 - retainer |
| JL Consulting, LLC 149 Windsor Avenue Rockville Centre, NY 11570 | 12/14 | $30,000 - retainer |
| JL Consulting, LLC 149 Windsor Avenue Rockville Centre, NY 11570 | 1/15/15 | $30,000 |
| JL Consulting, LLC 149 Windsor Avenue Rockville Centre, NY 11570 | 2/15/15 | $30,000 |
| JL Consulting, LLC 149 Windsor Avenue Rockville Centre, NY 11570 | 3/13/15 | $48,810 |
| JL Consulting, LLC 149 Windsor Avenue Rockville Centre, NY 11570 | 3/16/15 | $22,661 |

B7 (Official Form 7) (04/13)

**10. Other transfers**

None ■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                                    DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the **filing** of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|
| Leonard Silver, CFO<br>315 Hudson Street<br>New York, NY 10013 | 9/13 - 11/14 |
| Angela Falcone, CFO<br>315 Hudson Street<br>New York, NY 10013 | 7/08 - 9/13 |
| Tom Higgins, CFO<br>315 Hudson Street<br>New York, NY 10013 | 3/14 - 7/14 |
| Gail Horowitz, CFO<br>315 Hudson Street<br>New York, NY 10013 | 11/14 - 3/15 |

None
☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

B7 (Official Form 7) (04/13)

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **LOEB & TROPER, LLP** | **655 Third Avenue, 12th Floor**<br>**New York, NY 10017** | **2013 AND 2014** |

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME      **LOEB & TROPER, LLP**

ADDRESS      **655 THIRD AVENUE, 12TH FLOOR**<br>**New York, NY 10017**

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS      DATE ISSUED

## 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY      INVENTORY SUPERVISOR      DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis)

None ■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY      NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

## 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS      NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Allen Alter**<br>**415 E. 52nd Street, Apt. 4DA**<br>**New York, NY 10022** | **President** | **No ownership.** |
| **George Asch**<br>**480 Park Avenue**<br>**New York, NY 10022** | **Secretary** | **No ownership.** |
| **Lynn Berger**<br>**1199 Park Avenue, Apt. 7A**<br>**New York, NY 10128** | **Director** | **No ownership.** |
| **Thomas Blumberg**<br>**47 East 88th Street**<br>**New York, NY 10128** | **Director** | **No ownership.** |
| **Martin I. Bresler**<br>**910 Park Avenue**<br>**New York, NY 10075** | **Director** | **No ownership.** |

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Edward A. Brill<br>300 Central Park West, Apt. 8E<br>New York, NY 10024 | Director | No ownership. |
| Andrew R. Brownstein<br>911 Park Avenue, Apt. 5A<br>New York, NY 10075 | Director | No ownership. |
| Jonathan H.F. Crystal<br>141 E. 88th Street, Apt. 6A<br>New York, NY 10128 | Director | No ownership. |
| Alex Gabay<br>160 Riverside Blvd., Apt. 31A<br>New York, NY 10069 | Director | No ownership. |
| Benjamin Ira Gerz<br>1075 Park Avenue, Apt. 14B<br>New York, NY 10128 | Director | No ownership. |
| H. David Goodman, M.D.<br>124 West 60th Street, Apt. PH.D<br>New York, NY 10023 | Director | No ownership. |
| Barry Gosin<br>617 Croton Lake Road<br>Mount Kisco, NY 10549 | Director | No ownership. |
| Allen Greenberg<br>120 Central Park South, Apt. 20BC<br>New York, NY 10019 | Director | No ownership. |
| Richard D. Isserman<br>165 West 66th Street, Apt. 21B<br>New York, NY 10023 | Director | No ownership. |
| Brian A. Kane<br>Galt House Hotel<br>140 N. Fourth Street, Apt. 1443<br>Louisville, KY 40202 | Director | No ownership. |
| Deborah S. Larkin<br>236 Treetop Crescent<br>Port Chester, NY 10573 | Director | No ownership. |
| Robert O. Lehrman<br>1055 River Road, Apt. So. PH10<br>Edgewater, NJ 07020 | Director | No ownership. |
| M. Joseph Levin<br>60 East 96th Street<br>New York, NY 10128 | Director | No ownership. |
| Tara Walpert Levy<br>30 West Street, Apt. 3A<br>New York, NY 10004 | Director | No ownership. |
| Howard M. Liebman<br>1302 Azure Place<br>Hewlett, NY 11557 | Director | No ownership. |
| Nancy Locker<br>983 Park Avenue<br>New York, NY 10028 | Director | No ownership. |
| Judith Rose Margulies<br>42 The Crossing at Blind Brook<br>Purchase, NY 10577 | Director | No ownership. |

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Stuart Oltchick**<br>**40 East 84th Street, Apt. 8B**<br>**New York, NY 10028** | **Chairman** | **No ownership.** |
| **Michael S. Preston**<br>**347 West 57th Street, Apt. 14A**<br>**New York, NY 10019** | **Director** | **No ownership.** |
| **Patricia Silverstein**<br>**895 Park Avenue, Apt. 9C**<br>**New York, NY 10075** | **Director** | **No ownership.** |
| **Joseph Stein, Jr.**<br>**960 Park Avenue, Apt. 8W**<br>**New York, NY 10028** | **Director** | **No ownership.** |
| **Burton M. Strauss, Jr.**<br>**45 East 72nd Street, Apt. 4A**<br>**New York, NY 10021** | **Director** | **No ownership.** |
| **James W. Wetzler**<br>**160 East 65th Street**<br>**New York, NY 10065** | **Treasurer** | **No ownership.** |
| **David E. Wolkoff**<br>**791 Park Avenue, Apt. 2A**<br>**New York, NY 10021** | **Director** | **No ownership.** |

---

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Feliks Frenkel**<br>**17 East 89th Street**<br>**New York, NY 10128** | **Director** | **September 9, 2014.** |
| **Lynn Halbfinger**<br>**1165 Park Avenue**<br>**New York, NY 10128** | **Director** | **December 16, 2014.** |
| **Arlene Wittels**<br>**39 Rose Hill Drive**<br>**Manhasset, NY 11030** | **Director** | **May 30, 2014.** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)

**24. Tax Consolidation Group.**

None ■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                      TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None ☐  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                              TAXPAYER IDENTIFICATION NUMBER (EIN)
**UJA Pension Fund**

\* \* \* \* \* \*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __April 27, 2015__          Signature  __/s/ Kristin Woodlock__
                                            **Kristin Woodlock**
                                            **Chief Executive Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Federation Employment and Guidance Service, Inc., dba FEGS
Chapter 11 Case No. 15-71074-reg
Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.
Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| 1 STOP ELECTRONICS CENTER | 13,001.00 |
| 1036 REALTY LLC | 7,050.00 |
| 1104 GAYATRI MATA, LLC | 7,694.64 |
| 118 WEST 137TH STREET L | 6,700.00 |
| 125 WEST 96th ST. OWNER | 12,721.66 |
| 1256 CENTRAL LLC | 7,800.00 |
| 14-26 BROADWAY TERRACE | 66,105.45 |
| 1460 CARROLL ASSOCIATES | 7,350.00 |
| 147 CORP. | 494,986.38 |
| 1697 AMSTERDAM ASSOCIATION | 9,327.12 |
| 170 VERMILYEA LLC | 12,393.18 |
| 175 HEMPSTEAD, LLC. | 112,565.49 |
| 195 MONTAGUE HOLDINGS | 157,610.14 |
| 20-50 REALTY LLC | 10,500.00 |
| 2075-2081 WALLACE AVENUE | 65,839.92 |
| 210 WEST 133rd STREET | 8,902.00 |
| 2191 BOLTON OWNERS | 14,654.37 |
| 235 EAST 14th STREET | 26,082.00 |
| 2400 REALTY NY LLC | 7,275.00 |
| 315 HUDSON, LLC | 2,440,808.03 |
| 333-92 LLC | 19,575.00 |
| 3620 BROADWAY INVESTORS | 9,000.00 |
| 3636 GREYSTONE OWNERS, | 7,838.20 |
| 3rd AVE FURNITURE | 38,078.90 |
| 40 FLATBUSH REALTY ASSOCIATION | 40,080.00 |
| 408-412 PINEAPPLE LLC | 17,025.00 |
| 42-46 WANSER AVENUE, LLC | 12,750.00 |
| 425 OAK STREET, INC. | 7,200.00 |
| 437 MANHATTAN LLC | 8,700.00 |
| 456 LLC | 16,350.00 |
| 466 WEST 149TH STREET | 10,227.24 |
| 544 W. 160TH STREET ASSOCIATION | 26,372.80 |
| 5580 REALTY LLC | 6,400.00 |
| 561 LENOX AVENUE, LLC | 43,829.46 |
| 5641 REALTY LLC | 35,290.08 |
| 5899 REALTY, LLC | 12,950.00 |
| 646 EAST 96TH. ST ASSOCIATION | 6,550.00 |
| 674-686 NATARI ASSOCIATES | 10,344.00 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| 6787 REALTY COMPANY | 40,511.31 |
| A. FAHIM KHAN | 7,276.62 |
| AAA LAUNDRY SERVICES | 6,243.00 |
| ACCOUNT ANALYSIS SETTLEMENT CHARGE | 79,487.94 |
| ADP,INC. | 9,926.86 |
| AETNA,INC. | 306,929.53 |
| AFGO MECHANICAL SERVICE | 47,556.08 |
| A-LEADING LOCK & ALARM | 10,318.00 |
| ALLSECTOR | 1,278,000.00 |
| ALPHA CARE SUPPLY LLC | 6,650.00 |
| AMERICAN EXPRESS | 983,030.55 |
| AMERICAN SECURITY SYSTEMS | 9,202.84 |
| ANDREWS INTERNATIONAL | 610,604.31 |
| APEX PEST CONTROL INC. | 76,725.00 |
| ARNOLD BOTTALICO | 12,000.00 |
| ASG & C,INC. | 43,655.25 |
| ASITIMBAY, MANUEL & CHIMBORAZO | 7,900.00 |
| B&B FURNITURE | 8,757.00 |
| BANK OF AMERICA LEASING  CAPITAL | 378,640.50 |
| BAYCHESTER LOCKSMITHS INC | 29,033.75 |
| BEACON THERAPY SERVICES | 31,584.50 |
| BENEFIT RESOURCES, INC. -FLEX | 6,595.08 |
| BENEFIT RESOURCES, INC. -TRANSIT | 179,276.84 |
| BETHEX FEDERAL CREDIT UNION | 34,768.98 |
| BISCOM, INC. | 15,106.38 |
| BRINK ELEVATOR CORPORATION | 6,645.00 |
| BRONX LEBANON HOSPITAL CENTER | 1,371,825.00 |
| BRONXWORKS, INC, | 7,142.86 |
| BROOKLYN TRANSPORTATION | 25,725.00 |
| BTG LLC | 11,574.42 |
| BUILDERS LEASING LTD LB | 12,927.21 |
| C.S.A.E.U. | 148,047.55 |
| CABLEVISION | 23,468.91 |
| CABLEVISION LIGHTPATH,INC | 86,714.07 |
| CAREERBUILDER LLC | 13,200.00 |
| CARRILLO, JAIDI | 9,800.00 |
| CARRILLO, LOUIS | 9,800.00 |
| CENTER FOR SOCIAL INNOVATION | 41,667.00 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| CHASE EQUIPMENT FINANCE | 161,278.65 |
| CHEM RX | 44,575.47 |
| CIT FINANCE, LLC | 114,576.91 |
| CITADEL ESTATES, LLC | 18,195.87 |
| CITYSIDE ARCHIVES LTD. | 15,860.68 |
| CLEARBROOK INVESTMENT | 11,813.57 |
| CON EDISON | 258,062.70 |
| CONEDISON SOLUTIONS | 143,025.39 |
| COPE INSTITUTE | 13,068.00 |
| CORPORATE TRUST | 79,973.39 |
| COUNTYWIDE TRANSPORTATION | 15,400.00 |
| COURTHOUSE CORPORATE CENTER, LLC | 45,995.42 |
| CRESTWOOD MECHANICAL COMPANY | 43,866.17 |
| CROWE HORWATH, LLP | 554,463.10 |
| D&J AMBULETTE SERVICE | 38,050.00 |
| D.L. PETERSON TRUST | 338,521.29 |
| DASNY IAC FEGS 12A1 DS FD | 33,763.34 |
| DECABRIGGS, LLC | 13,350.00 |
| DEER PARK WATER COMPANY | 6,327.56 |
| DEKALB 3572 LLC | 7,875.00 |
| DERLE FARMS,INC. | 24,707.09 |
| DISTINCTIVE WORKFORCES SOLUTIONS | 462,697.11 |
| DONNELLY MECHANICAL CORPORATION | 8,728.67 |
| DONSKOI REALTY, LLC | 77,770.20 |
| DUNBAR OWNER LLC | 43,632.00 |
| DURYEA PLACE REALTY,LLC | 444,149.26 |
| EAST SIDE HOUSE, INC. | 221,180.00 |
| EDEL REALTY CORPORATION | 10,656.57 |
| EXECUTIVE CLEANING | 240,680.62 |
| FALAK LTC | 66,296.43 |
| FEDERAL REALTY LP | 85,745.07 |
| FEDERATION OF JEWISH PHILANTHROPIES | 7,306.89 |
| FITNESS FOR FOCUS, INC. | 9,500.00 |
| FOJP SERVICE CORP. | 936,250.00 |
| FORT 250 ASSOCIATES LP | 7,425.00 |
| FORT I GROUP LP | 19,350.00 |
| FORT II GROUP LP | 7,725.00 |
| FORT IV GROUP LP | 7,725.00 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| FORTRESS CD LLC | 15,600.00 |
| FOSTER, DAWN | 7,900.00 |
| FUND FOR THE CITY OF NEW YORK | 860,000.00 |
| GAILE JOHNSON OR YVA RICHE | 6,961.76 |
| GARFUNKEL WILD, P.C. | 682,601.76 |
| GERSHWIN, RANDY MD | 6,594.50 |
| GILSTON ELECTRICAL MAINTENANCE CORP | 13,215.00 |
| GLATT WORLD INC. | 41,159.89 |
| GLL REALTY , LLC | 6,500.00 |
| GLOBAL COMMUNICATION | 363,087.95 |
| GOODWILL TERRACE APARTMENTS | 14,400.00 |
| HIAS | 76,781.00 |
| HILL, ANNIE | 7,600.00 |
| HILLSIDE HOUSE MANAGEMENT | 17,925.00 |
| HOSPITAL AUDIENCES INC. | 16,650.00 |
| HOSPITALS INSURANCE CO. | 29,915.00 |
| HUMAN RESOURCES ADMINISTRATION | 127,272.00 |
| IMA | 210,271.25 |
| INSTITUTE FOR FAMILY HEALTH | 36,250.00 |
| INTERAGENCY COUNCIL | 1,240,815.14 |
| IRON MOUNTAIN | 16,549.56 |
| IT PARTS DEPOT | 14,800.00 |
| JACKSON GARDENS, LLC | 14,205.00 |
| JCC OF THE GREATER FIVE TOWNS | 64,654.75 |
| JDJ PROPERTIES, LLC | 144,897.61 |
| JEWISH CHILD CARE ASSOCIATION | 12,500.00 |
| JIMS REALTY LLC | 16,886.63 |
| JL CONSULTING LLC | 161,471.00 |
| JP MORGAN CHASE BANK (LOAN INTEREST) | 24,645.84 |
| KAREEM KIRBY | 12,600.00 |
| KEKST AND COMPANY, INC. | 85,000.00 |
| KEW GARDENS HILLS, LLC. | 34,233.86 |
| KITTAY HOUSE, JEWISH HOME | 117,482.13 |
| KLEARVIEW APPLIANCE CORPORATION | 8,499.00 |
| KOSHER FOOD EMPORIUM | 13,593.21 |
| KRATOS PUBLIC SAFETY &SECURITY | 10,903.05 |
| LABORATORY CORP. OF AMERICA HOLDINGS | 25,374.37 |
| LANGSAM PROPERTY SERVICE | 14,663.04 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| LANGUAGE LINE SERVICES | 9,292.01 |
| LINCOLN FINANCIAL | 46,320.61 |
| LINCOLN LIFE & ANNUITY COMPANY | 32,761.58 |
| LINCOLN NATIONAL LIFE COMPANY | 60,728.15 |
| LONG BEACH PUBLIC LIBRARY | 12,692.87 |
| MACOMBS ENTERPRISES LLC | 13,899.75 |
| MED WORLD ACQUISITION CORPORATION | 61,391.82 |
| MENTAL HEALTH ASSOCIATION | 36,012.00 |
| METROPOLITAN FOODS, INC | 279,008.33 |
| MGSA REALTY, LLC | 19,825.00 |
| MITCHELL / MARTIN INC. | 50,910.00 |
| MODERN SPRINKLER CORP. | 13,308.75 |
| MONTEFIORE MEDICAL CENTER | 57,036.15 |
| MORMAX COMPANY INC. | 12,915.20 |
| MOSES, RONALD | 8,393.29 |
| MOSHE REALTY, LLC | 6,800.00 |
| MUTUAL OF AMERICA | 82,526.07 |
| NASH, OLIVE | 6,400.00 |
| NATIONAL GRID | 18,171.55 |
| NEW  SETTLEMENT APARTMENT | 7,142.86 |
| NEW VISIONS FOR PUBLIC SCHOOLS | 100,000.00 |
| NEW YORK LEGAL ASSISTANCE GRP | 49,866.78 |
| NEW YORK SOCIETY FOR THE DEAF, HOUSING DEVELO | 48,261.44 |
| NEW YORK STATE DEPT. OF HEALTH | 486,000.00 |
| NEW YORK STATE HIGHER EDUCATION SERVICES CORF | 11,689.44 |
| NEW YORK STATE PROCESSING CENTER | 50,169.47 |
| NEW YORK STATE UNEMPLOYMENT | 206,253.53 |
| NEW YORK UNIVERSITY | 100,637.50 |
| NEXT SOURCE, INC. | 1,512,412.60 |
| NICHCOLE GUIONS OR BEVERLY RICHARDSON | 15,842.24 |
| NYC WATER BOARD | 36,142.34 |
| O & I INDUSTRIES INC. | 10,975.00 |
| OXFORD HEALTH PLANS, INC. | 6,073,028.48 |
| PATHMARK | 18,442.61 |
| PAYSON DYCKMAN PARTNERS | 19,896.45 |
| PITNEY BOWES | 14,541.40 |
| PROCARE HEALTH SERVICES | 530,031.58 |
| PRUDENTIAL INSURANCE CO. | 38,686.24 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| PSEGLI | 31,121.75 |
| PURCHASE POWER | 16,247.44 |
| RA 6900 JERICHO TURNPIK | 53,584.84 |
| RICOH  USA, INC | 38,605.09 |
| RIVERSIDE 1795 ASSOCIATES | 7,277.18 |
| RIVERSIDE PARK COMMUNITY LLC | 66,010.00 |
| ROBIN HOOD FOUNDATION | 157,775.00 |
| ROCK HOSPITALITY, LLC. | 23,860.00 |
| ROSSMIL ASSOCIATES LP | 127,874.11 |
| RPAI US MANAGEMENT, LLC | 265,507.68 |
| RUST CONSULTING | 15,000.00 |
| SAFE AND SOUND ARMED COURIER INC. | 138,973.94 |
| SALGRO REALTY LLC | 7,644.00 |
| SAMUEL FIELD YM & YWHA | 25,799.01 |
| SARASOTA GOLD LLC | 10,310.00 |
| SCHUR MANAGEMENT CO., LTD | 672,641.43 |
| SCIUTO, ANTHONY T. | 12,485.00 |
| SCOCOZZO CARTING CORP. | 10,909.50 |
| SERENA PREMIER REALTY, INC | 12,077.09 |
| SEYFARTH SHAW LLP | 57,797.24 |
| SG BROOKDALE EQUITIES, LLC | 27,875.00 |
| SHAMYEL ABDULIE OR STACEY MASON | 6,720.00 |
| SHOREGROUP, INC. | 127,365.12 |
| SIGNALPOINT | 15,727.20 |
| SINGLEPOINT CARE NETWORK | 210,000.00 |
| SNS ORGANIZATION | 15,313.73 |
| SPRINT | 7,972.42 |
| START SMALL, THINK BIG,  INC | 37,188.00 |
| STATE UTILITIES | 16,383.20 |
| STERLING INFOSYSTEMS, INC | 10,818.23 |
| SUFFOLK COUNTY DEPT OF SOCIAL SERVICES | 227,028.92 |
| TALX CORPORATION | 13,564.75 |
| TANYA TOWERS, INC. | 119,833.32 |
| TFP1, INC. | 14,904.20 |
| THE BANK OF NEW YORK MELLON | 57,016.25 |
| THE GREAT A & P TEA COMPANY | 26,368.02 |
| THERAPEUTIC ASSOCIATES, INC | 53,806.50 |
| THYSSENKRUPP ELEVATOR | 9,038.83 |

Federation Employment and Guidance Service, Inc., dba FEGS

Chapter 11 Case No. 15-71074-reg

Schedule of disbursements made in the 90 days prior to filing, which total in the aggregate $6,225 or more.

Statement of Financial Affairs 3b

| Payee Name | Total |
|---|---|
| TIME WARNER CABLE | 18,333.14 |
| TOGUT, SEGAL & SEGAL LLP | 25,000.00 |
| TORIN, BETH S. | 6,620.00 |
| TOWERSTREAM CORPORATION | 8,000.00 |
| TYCO INTEGRATED SECURITY | 8,821.99 |
| UJA FEDERATION OF NEW YORK | 159,732.11 |
| UJA FEDERATION RETIREMENT PLAN | 56,388.39 |
| ULTIMATE PSYCHOLOGICAL | 380,833.50 |
| UNITED METRO ENGERY | 19,320.27 |
| UNITED PARCEL SERVICE | 7,556.68 |
| UNITED STATES POSTAL SERVICE | 20,000.00 |
| US FOODSERVICE / METRO | 176,007.37 |
| VERIZON | 257,825.61 |
| VERIZON WIRELESS | 112,871.13 |
| WALLACE HOLDINGS,LLC. | 21,790.00 |
| WEBSTER LOCK & HARDWARE | 11,912.65 |
| WEISS REALTY, LLC | 6,498.70 |
| WESTERMAN BALL EDERER MILLER ZUCKER | 62,904.25 |
| WHITLEY, TODD M. | 10,088.00 |
| WORLD CLASS BUSINESS PRODUCTS | 82,578.01 |
| Grand Total | 33,380,190.00 |

FEGS Health & Human Services                                                    4/14/2015
Senior VPs
**MAGALIFF, GAIL**       Chief Executive Officer

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 17,004.90 | 17,004.90 | Net after Ecex Deff Comp & Exec Whole Life |
| 4/11/2014 | 17,004.90 | 34,009.80 | |
| 4/25/2014 | 17,004.90 | 51,014.70 | Net after Ecex Deff Comp & Exec Whole Life |
| 5/9/2014 | 17,004.90 | 68,019.60 | |
| 5/23/2014 | 17,004.90 | 85,024.50 | Net after Ecex Deff Comp & Exec Whole Life |
| 6/6/2014 | 17,004.90 | 102,029.40 | |
| 6/20/2014 | 17,004.90 | 119,034.30 | Net after Ecex Deff Comp & Exec Whole Life |
| 7/4/2014 | 17,004.90 | 136,039.20 | |
| 7/18/2014 | 17,004.90 | 153,044.10 | Net after Ecex Deff Comp & Exec Whole Life |
| 8/1/2014 | 17,004.90 | 170,049.00 | |
| 8/15/2014 | 17,004.90 | 187,053.90 | Net after Ecex Deff Comp & Exec Whole Life |
| 8/29/2014 | 17,004.90 | 204,058.80 | |
| 9/12/2014 | 17,004.90 | 221,063.70 | |
| 9/26/2014 | 17,004.90 | 238,068.60 | Net after Ecex Deff Comp & Exec Whole Life |
| 10/10/2014 | 17,004.90 | 255,073.50 | |
| 10/24/2014 | 17,004.90 | 272,078.40 | Net after Ecex Deff Comp & Exec Whole Life |
| 11/7/2014 | 17,004.90 | 289,083.30 | |
| 11/21/2014 | 17,512.90 | 306,596.20 | Net after Ecex Deff Comp & Exec Whole Life |
| 12/5/2014 | 17,004.90 | 323,601.10 | |
| 12/19/2014 | 17,004.90 | 340,606.00 | Net after Ecex Deff Comp & Exec Whole Life |
| 1/2/2015 | 17,004.90 | 357,610.90 | |
| 1/16/2015 | 5,101.47 | 362,712.37 | Net Vacation after Ecex Deff Comp & Exec Whole Life |
| 1/30/2015 | 42,512.24 | 405,224.61 | Vacation |
| | 405,224.61 | | |

AP Checks and Wire Transfers

| Check # | Amount | | Date | Comments |
|---|---|---|---|---|
| 80002559 | | 675.00 | 8/5/2014 | Wire Transfer for Travel Expense Reimbursement |
| | | 675.00 | | |

| | | | | |
|---|---|---|---|---|
| Total | | 405,899.61 | | |

FEGS Health & Human Services

4/14/2015

Senior VPs

**MACHOWSKY, IRA**      **Executive VP**

Payroll

| Pay Date | Amount | Cumulative | Company Car Use | Comments |
|---|---|---|---|---|
| 3/14/2014 | | - | | |
| 3/28/2014 | 14,004.04 | 14,004.04 | | Net after Exec Whole Life |
| 4/11/2014 | 14,004.04 | 28,008.08 | | |
| 4/25/2014 | 14,004.04 | 42,012.12 | | Net after Exec Whole Life |
| 5/9/2014 | 14,004.04 | 56,016.16 | | |
| 5/23/2014 | 14,004.04 | 70,020.20 | | Net after Exec Whole Life |
| 6/6/2014 | 14,004.04 | 84,024.24 | | |
| 6/20/2014 | 14,004.04 | 98,028.28 | | Net after Exec Whole Life |
| 7/4/2014 | 14,004.04 | 112,032.32 | | |
| 7/18/2014 | 14,004.04 | 126,036.36 | | Net after Exec Whole Life |
| 8/1/2014 | 14,004.04 | 140,040.40 | | |
| 8/15/2014 | 14,004.04 | 154,044.44 | | Net after Exec Whole Life |
| 8/29/2014 | 14,004.04 | 168,048.48 | | |
| 9/12/2014 | 14,004.04 | 182,052.52 | | |
| 9/26/2014 | 14,004.04 | 196,056.56 | | Net after Exec Whole Life |
| 10/10/2014 | 91,616.63 | 287,673.19 | | Bonus Earnings |
| 10/10/2014 | 14,004.04 | 301,677.23 | | |
| 10/24/2014 | 14,004.04 | 315,681.27 | | Net after Exec Whole Life |
| 11/7/2014 | 14,004.04 | 329,685.31 | | |
| 11/21/2014 | 14,004.04 | 343,689.35 | | Net after Exec Whole Life |
| 12/5/2014 | 14,004.04 | 357,693.39 | 5,287.31 | Net after Company Car Use |
| 12/19/2014 | 14,004.04 | 371,697.43 | | Net after Exec Whole Life |
| 1/2/2015 | 35,010.10 | 406,707.53 | | Vacation |
| | 406,707.53 | | 5,287.31 | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 406,707.53 | | |

FEGS Health & Human Services                                          4/14/2015
Senior VPs
**KLEIN, NANCY L**                    **Chief Dev & Marketing Officer**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 10,961.54 | 10,961.54 | Net after Inputed Income |
| 4/11/2014 | 10,961.54 | 21,923.08 | |
| 4/25/2014 | 10,961.54 | 32,884.62 | Net after Inputed Income |
| 5/9/2014 | 10,961.54 | 43,846.16 | |
| 5/23/2014 | 10,961.54 | 54,807.70 | Net after Inputed Income |
| 6/6/2014 | 10,961.54 | 65,769.24 | |
| 6/20/2014 | 10,961.54 | 76,730.78 | Net after Inputed Income |
| 7/4/2014 | 10,961.54 | 87,692.32 | |
| 7/18/2014 | 1,096.15 | 88,788.47 | Regular Pay - 7 Hours |
| 7/18/2014 | 17,428.85 | 105,121.17 | Vacation |
| | 106,217.32 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |

Total                         106,217.32

FEGS Health & Human Services                                                          4/14/2015
Senior VPs
**HIGGINS, THOMAS M**                    **Chief Financial Officer**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 |  | - |  |
| 3/28/2014 | 13,557.69 | 13,557.69 | Net after Inputed Income |
| 4/11/2014 | 13,557.69 | 27,115.38 |  |
| 4/25/2014 | 13,557.69 | 40,673.07 | Net after Inputed Income |
| 5/9/2014 | 13,557.69 | 54,230.76 |  |
| 5/23/2014 | 13,557.69 | 67,788.45 | Net after Inputed Income |
| 6/6/2014 | 13,557.69 | 81,346.14 |  |
| 6/20/2014 | 13,557.69 | 94,903.83 | Net after Inputed Income |
| 7/4/2014 | 13,557.69 | 108,461.52 |  |
| 7/18/2014 | 13,557.69 | 122,019.21 |  |
| 8/1/2014 | 6,730.77 | 128,749.98 | Net after Inputed Income |
| 8/15/2015 | 6,730.77 | 135,480.75 | Severance |
| 8/15/2014 | 13,461.54 | 148,942.29 | Severance |
| 8/29/2014 | 13,461.54 | 162,403.83 | Severance |
| 9/12/2014 | 6,730.77 | 169,134.60 | Severance |
|  | 169,134.60 |  |  |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
|  | - |  |  |

| Total | 169,134.60 |
|---|---|

FEGS Health & Human Services                                                                 4/14/2015
Senior VPs
**HORWITZ, GAYLE M**     **Chief Administration Officer**
                        **Chief Financial & Admin Officer effective  10/08/2014**
Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | | - | |
| 4/11/2014 | | - | |
| 4/25/2014 | | - | |
| 5/9/2014 | | - | |
| 5/23/2014 | | - | |
| 6/6/2014 | | - | |
| 6/20/2014 | | - | |
| 7/4/2014 | | - | |
| 7/18/2014 | 10,192.31 | 10,192.31 | Net after Inputed Income |
| 8/1/2014 | 10,192.31 | 20,384.62 | |
| 8/15/2014 | 10,192.31 | 30,576.93 | Net after Inputed Income |
| 8/29/2014 | 10,192.31 | 40,769.24 | |
| 9/12/2014 | 10,192.31 | 50,961.55 | |
| 9/26/2014 | 10,192.31 | 61,153.86 | Net after Inputed Income |
| 10/10/2014 | 12,192.31 | 73,346.17 | |
| 10/24/2014 | 12,499.99 | 85,846.16 | Net after Inputed Income |
| 11/7/2014 | 13,076.92 | 98,923.08 | |
| 11/21/2014 | 13,076.92 | 112,000.00 | Net after Inputed Income |
| 12/5/2014 | 13,076.92 | 125,076.92 | |
| 12/19/2014 | 13,076.92 | 138,153.84 | Net after Inputed Income |
| 1/2/2015 | 13,076.92 | 151,230.76 | |
| 1/16/2015 | 13,076.92 | 164,307.68 | Net after Inputed Income |
| 1/30/2015 | 13,076.92 | 177,384.60 | |
| 2/13/2015 | 13,076.92 | 190,461.52 | |
| 2/27/2015 | 13,076.92 | 203,538.44 | Net after Inputed Income |
| 3/13/2015 | 13,076.92 | 216,615.36 | |
| 3/27/2015 | 13,076.92 | 229,692.28 | Net after Inputed Income |
| | 229,692.28 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 229,692.28 | | |

FEGS Health & Human Services                                                        4/14/2015
Senior VPs
**FELD, SHARI E**        **Vice President**
                         **Vice President, Sr**        Effective 10/20/2014
Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | | - | |
| 4/11/2014 | | - | |
| 4/25/2014 | | - | |
| 5/9/2014 | | - | |
| 5/23/2014 | | - | |
| 6/6/2014 | | - | |
| 6/20/2014 | | - | |
| 7/4/2014 | 7,573.10 | 7,573.10 | |
| 7/18/2014 | 7,596.15 | 15,169.25 | Net after Inputed Income |
| 8/1/2014 | 7,596.15 | 22,765.40 | |
| 8/15/2014 | 7,596.15 | 30,361.55 | Net after Inputed Income |
| 8/29/2014 | 7,596.15 | 37,957.70 | |
| 9/12/2014 | 7,596.15 | 45,553.85 | |
| 9/26/2014 | 7,596.15 | 53,150.00 | Net after Inputed Income |
| 10/10/2014 | 7,596.15 | 60,746.15 | |
| 10/24/2014 | 7,596.15 | 68,342.30 | Net after Inputed Income |
| 11/7/2014 | 7,596.15 | 75,938.45 | |
| 11/21/2014 | 7,596.15 | 83,534.60 | Net after Inputed Income |
| 12/5/2014 | 7,596.15 | 91,130.75 | |
| 12/19/2014 | 8,750.00 | 99,880.75 | Net after Inputed Income |
| 12/19/2014 | 3,461.54 | 103,342.29 | Retro Earnings |
| 1/2/2015 | 8,653.85 | 111,996.14 | |
| 1/16/2015 | 8,653.85 | 120,649.99 | Net after Inputed Income |
| 1/30/2015 | 8,653.85 | 129,303.84 | |
| 2/13/2015 | 8,653.85 | 137,957.69 | |
| 2/27/2015 | 8,653.85 | 146,611.54 | Net after Inputed Income |
| 3/13/2015 | 8,653.85 | 155,265.39 | |
| 3/27/2015 | 8,653.85 | 163,919.24 | Net after Inputed Income |
| | 163,919.24 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 163,919.24 | | |

FEGS Health & Human Services                                                                    4/14/2015
Senior VPs
**BROTMAN, DEBORAH L    Chief Medical Officer**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|----------|--------|-----------|----------|
| 3/14/2014 | | - | |
| 3/28/2014 | 10,769.23 | 10,769.23 | Net after Inputed Income |
| 4/11/2014 | 10,769.23 | 21,538.46 | |
| 4/25/2014 | 10,769.23 | 32,307.69 | Net after Inputed Income |
| 5/9/2014 | 10,769.23 | 43,076.92 | |
| 5/23/2014 | 10,769.23 | 53,846.15 | Net after Inputed Income |
| 6/6/2014 | 10,769.23 | 64,615.38 | |
| 6/20/2014 | 10,769.23 | 75,384.61 | Net after Inputed Income |
| 7/4/2014 | 10,769.23 | 86,153.84 | |
| 7/18/2014 | 10,769.23 | 96,923.07 | Net after Inputed Income |
| 8/1/2014 | 10,769.23 | 107,692.30 | |
| 8/15/2014 | 10,769.23 | 118,461.53 | Net after Inputed Income |
| 8/29/2014 | 10,769.23 | 129,230.76 | |
| 9/12/2014 | 10,769.23 | 139,999.99 | |
| 9/26/2014 | 10,769.23 | 150,769.22 | Net after Inputed Income |
| 10/10/2014 | 10,769.23 | 161,538.45 | |
| 10/24/2014 | 10,769.23 | 172,307.68 | Net after Inputed Income |
| 11/7/2014 | 16,344.61 | 188,652.29 | Vacation |
| | 188,652.29 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---------|--------|------|----------|
| | - | | |
| Total | 188,652.29 | | |

FEGS Health & Human Services                                              4/14/2015
Senior VPs
**WOODLOCK, KRISTIN M**   **Chief Operating Officer**
                          **Chief Executive Officer**    Effective 12/12/2014
Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 11,634.61 | 11,634.61 | Net after Inputed Income |
| 4/11/2014 | 11,634.61 | 23,269.22 | |
| 4/25/2014 | 11,634.61 | 34,903.83 | Net after Inputed Income |
| 5/9/2014 | 11,634.61 | 46,538.44 | |
| 5/23/2014 | 11,634.61 | 58,173.05 | Net after Inputed Income |
| 6/6/2014 | 11,634.61 | 69,807.66 | |
| 6/20/2014 | 11,634.61 | 81,442.27 | Net after Inputed Income |
| 7/4/2014 | 11,634.61 | 93,076.88 | |
| 7/18/2014 | 11,634.61 | 104,711.49 | Net after Inputed Income |
| 8/1/2014 | 11,634.61 | 116,346.10 | |
| 8/15/2014 | 11,634.61 | 127,980.71 | Net after Inputed Income |
| 8/29/2014 | 11,634.61 | 139,615.32 | |
| 9/12/2014 | 11,634.61 | 151,249.93 | |
| 9/26/2014 | 11,634.61 | 162,884.54 | Net after Inputed Income |
| 10/10/2014 | 11,634.61 | 174,519.15 | |
| 10/24/2014 | 11,634.61 | 186,153.76 | Net after Inputed Income |
| 11/7/2014 | 11,923.07 | 198,076.83 | |
| 11/7/2014 | 2,778.86 | 200,855.69 | Retro Earnings |
| 11/21/2014 | 11,923.07 | 212,778.76 | Net after Inputed Income |
| 12/5/2014 | 11,923.07 | 224,701.83 | |
| 12/19/2014 | 11,923.07 | 236,624.90 | Net after Inputed Income |
| 1/2/2015 | 11,923.07 | 248,547.97 | |
| 1/16/2015 | 11,923.07 | 260,471.04 | Net after Inputed Income |
| 1/30/2015 | 11,923.07 | 272,394.11 | |
| 2/13/2015 | 11,923.07 | 284,317.18 | |
| 2/27/2015 | 11,923.07 | 296,240.25 | Net after Inputed Income |
| 3/13/2015 | 11,923.07 | 308,163.32 | |
| 3/27/2015 | 11,923.07 | 320,086.39 | Net after Inputed Income |
| | 320,086.39 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |

| Total | 320,086.39 | | |

FEGS Health & Human Services                                                      4/14/2015
Senior VPs
**MOSCOWITZ, JILL F**        **Chief Legal Officer**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 10,294.23 | 10,294.23 | Net after Exec Whole Life & DP Imput Medica |
| 4/11/2014 | 10,294.23 | 20,588.46 | |
| 4/25/2014 | 10,294.23 | 30,882.69 | Net after Exec Whole Life & DP Imput Medica |
| 5/9/2014 | 10,294.23 | 41,176.92 | |
| 5/23/2014 | 10,294.23 | 51,471.15 | Net after Exec Whole Life & DP Imput Medica |
| 6/6/2014 | 10,294.23 | 61,765.38 | |
| 6/20/2014 | 10,294.23 | 72,059.61 | Net after Exec Whole Life & DP Imput Medica |
| 7/4/2014 | 10,294.23 | 82,353.84 | |
| 7/18/2014 | 10,294.23 | 92,648.07 | Net after Exec Whole Life & DP Imput Medica |
| 8/1/2014 | 10,294.23 | 102,942.30 | |
| 8/15/2014 | 10,294.23 | 113,236.53 | Net after Exec Whole Life & DP Imput Medica |
| 8/29/2014 | 10,294.23 | 123,530.76 | |
| 9/12/2014 | 10,294.23 | 133,824.99 | |
| 9/26/2014 | 10,294.23 | 144,119.22 | Net after Exec Whole Life & DP Imput Medica |
| 10/10/2014 | 10,294.23 | 154,413.45 | |
| 10/24/2014 | 10,294.23 | 164,707.68 | Net after Exec Whole Life & DP Imput Medica |
| 11/7/2014 | 10,294.23 | 175,001.91 | |
| 11/21/2014 | 10,294.23 | 185,296.14 | Net after Exec Whole Life & DP Imput Medica |
| 12/5/2014 | 10,294.23 | 195,590.37 | |
| 12/19/2014 | 10,294.23 | 205,884.60 | Net after Exec Whole Life & DP Imput Medica |
| 1/2/2015 | 10,294.23 | 216,178.83 | |
| 1/16/2015 | 11,538.46 | 227,717.29 | Net after Exec Whole Life & DP Imput Medica |
| 1/16/2015 | 622.11 | 228,339.40 | Retro Earnings |
| 1/30/2015 | 11,538.46 | 239,877.86 | |
| 2/13/2015 | 11,538.46 | 251,416.32 | |
| 2/27/2015 | 11,538.46 | 262,954.78 | Net after Exec Whole Life & DP Imput Medica |
| 3/13/2015 | 11,538.46 | 274,493.24 | |
| 3/27/2015 | 11,538.46 | 286,031.70 | Net after Exec Whole Life & DP Imput Medica |
| | 286,031.70 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 286,031.70 | | |

FEGS Health & Human Services                                                                          4/14/2015
Senior VPs
HAWKINS, COURTNEY          Vice President, Sr

Payroll

| Pay Date | Amount | Cumulative | Company Car Use | Comments |
|---|---|---|---|---|
| 3/14/2014 | | - | | |
| 3/28/2014 | 6,538.46 | 6,538.46 | | Net after Inputed Income |
| 4/11/2014 | 6,538.46 | 13,076.92 | | |
| 4/25/2014 | 6,538.46 | 19,615.38 | | Net after Inputed Income |
| 5/9/2014 | 6,538.46 | 26,153.84 | | |
| 5/23/2014 | 6,538.46 | 32,692.30 | | Net after Inputed Income |
| 6/6/2014 | 6,538.46 | 39,230.76 | | |
| 6/20/2014 | 6,538.46 | 45,769.22 | | Net after Inputed Income |
| 7/4/2014 | 6,538.46 | 52,307.68 | | |
| 7/18/2014 | 6,538.46 | 58,846.14 | | Net after Inputed Income |
| 8/1/2014 | 6,538.46 | 65,384.60 | | |
| 8/15/2014 | 6,538.46 | 71,923.06 | | Net after Inputed Income |
| 8/29/2014 | 6,538.46 | 78,461.52 | | |
| 9/12/2014 | 6,538.46 | 84,999.98 | | |
| 9/26/2014 | 6,701.92 | 91,701.90 | | Net after Inputed Income |
| 10/10/2014 | 7,501.71 | 99,203.61 | | Including Retro of Sal. Increase |
| 10/24/2014 | 6,701.92 | 105,905.53 | | Net after Inputed Income |
| 11/7/2014 | 6,701.92 | 112,607.45 | | |
| 11/21/2014 | 6,701.92 | 119,309.37 | | Net after Inputed Income |
| 12/5/2014 | 6,701.92 | 126,011.29 | 276.00 | Net after Company Car Use |
| 12/19/2014 | 6,701.92 | 132,713.21 | | Net after Inputed Income |
| 1/2/2015 | 6,701.92 | 139,415.13 | | |
| 1/16/2015 | 6,701.92 | 146,117.05 | | Net after Inputed Income |
| 1/30/2015 | 6,701.92 | 152,818.97 | | |
| 2/13/2015 | 6,701.92 | 159,520.89 | | |
| 2/27/2015 | 6,701.92 | 166,222.81 | | Net after Inputed Income |
| 3/13/2015 | 6,701.92 | 172,924.73 | | |
| 3/27/2015 | 6,701.92 | 179,626.65 | | Net after Inputed Income |
| | 179,626.65 | | 276.00 | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 179,626.65 | | |

FEGS Health & Human Services                                                                                  4/14/2015
Senior VPs
**ROSENTHAL, KATHY D**    Vice President, Sr

Payroll

| Pay Date | Amount | Cumulative | Company Car Use | Comments |
|---|---|---|---|---|
| 3/14/2014 | | - | | |
| 3/28/2014 | 5,961.54 | 5,961.54 | | Net after Inputed Income |
| 4/11/2014 | 5,961.54 | 11,923.08 | | |
| 4/25/2014 | 5,961.54 | 17,884.62 | | Net after Inputed Income |
| 5/9/2014 | 5,961.54 | 23,846.16 | | |
| 5/23/2014 | 5,961.54 | 29,807.70 | | Net after Inputed Income |
| 6/6/2014 | 5,961.54 | 35,769.24 | | |
| 6/20/2014 | 5,961.54 | 41,730.78 | | Net after Inputed Income |
| 7/4/2014 | 5,961.54 | 47,692.32 | | |
| 7/18/2014 | 5,961.54 | 53,653.86 | | Net after Inputed Income |
| 8/1/2014 | 5,961.54 | 59,615.40 | | |
| 8/15/2014 | 5,961.54 | 65,576.94 | | Net after Inputed Income |
| 8/29/2014 | 5,961.54 | 71,538.48 | | |
| 9/12/2014 | 5,961.54 | 77,500.02 | | |
| 9/26/2014 | 6,110.58 | 83,610.60 | | Net after Inputed Income |
| 10/10/2014 | 6,842.53 | 90,453.13 | | Including Retro of Sal. Increase |
| 10/24/2014 | 6,110.58 | 96,563.71 | | Net after Inputed Income |
| 11/7/2014 | 6,110.58 | 102,674.29 | | |
| 11/21/2014 | 6,110.58 | 108,784.87 | | Net after Inputed Income |
| 12/5/2014 | 6,110.58 | 114,895.45 | 528.00 | Net after Company Car Use |
| 12/19/2014 | 6,110.58 | 121,006.03 | | Net after Inputed Income |
| 1/2/2015 | 6,110.58 | 127,116.61 | | |
| 1/16/2015 | 6,110.58 | 133,227.19 | | Net after Inputed Income |
| 1/30/2015 | 6,110.58 | 139,337.77 | | |
| 2/13/2015 | 6,110.58 | 145,448.35 | | |
| 2/27/2015 | 6,110.58 | 151,558.93 | | Net after Inputed Income |
| 3/13/2015 | 6,110.58 | 157,669.51 | | |
| 3/27/2015 | 6,110.58 | 163,780.09 | | Net after Inputed Income |
| | 163,780.09 | | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | | Comments |
|---|---|---|---|---|
| | - | | | |
| Total | 163,780.09 | | | |

FEGS Health & Human Services                                                    4/14/2015
Senior VPs
**DORIN, AMY R**              **Vice President, Sr**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | - | | |
| 3/28/2014 | 8,562.47 | 8,562.47 | Net after Inputed Income |
| 4/11/2014 | 8,562.47 | 17,124.94 | |
| 4/25/2014 | 8,562.47 | 25,687.41 | Net after Inputed Income |
| 5/9/2014 | 8,562.47 | 34,249.88 | |
| 5/23/2014 | 8,838.81 | 43,088.69 | Net after Inputed Income |
| 6/6/2014 | 8,562.47 | 51,651.16 | |
| 6/20/2014 | 9,139.40 | 60,790.56 | Net after Inputed Income and Including Sal. Increase |
| 7/4/2014 | 9,524.01 | 70,314.57 | |
| 7/18/2014 | 9,524.01 | 79,838.58 | Net after Inputed Income |
| 8/1/2014 | 9,524.01 | 89,362.59 | |
| 8/15/2014 | 9,524.01 | 98,886.60 | Net after Inputed Income |
| 8/29/2014 | 9,524.01 | 108,410.61 | |
| 9/12/2014 | 9,524.01 | 117,934.62 | |
| 9/26/2014 | 9,762.11 | 127,696.73 | Net after Inputed Income |
| 10/10/2014 | 10,927.85 | 138,624.58 | Including Retro of Sal. Increase |
| 10/24/2014 | 9,762.11 | 148,386.69 | Net after Inputed Income |
| 11/7/2014 | 9,762.11 | 158,148.80 | |
| 11/21/2014 | 9,762.11 | 167,910.91 | Net after Inputed Income |
| 12/5/2014 | 9,762.11 | 177,673.02 | |
| 12/19/2014 | 9,762.11 | 187,435.13 | Net after Inputed Income |
| 1/2/2015 | 9,762.11 | 197,197.24 | |
| 1/16/2015 | 9,762.11 | 206,959.35 | Net after Inputed Income |
| 1/30/2015 | 9,762.11 | 216,721.46 | |
| 2/13/2015 | 9,762.11 | 226,483.57 | |
| 2/27/2015 | 9,762.11 | 236,245.68 | Net after Inputed Income |
| 3/13/2015 | 9,762.11 | 246,007.79 | |
| 3/27/2015 | 9,762.11 | 255,769.90 | Net after Inputed Income |
| | 255,769.90 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 255,769.90 | | |

FEGS Health & Human Services                                                        4/14/2015
Senior VPs
**MORAN, MARGARET**      Vice President, Sr

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 8,175.53 | 8,175.53 | Net after Inputed Income |
| 4/11/2014 | 8,175.53 | 16,351.06 | |
| 4/25/2014 | 8,175.53 | 24,526.59 | Net after Inputed Income |
| 5/9/2014 | 8,175.53 | 32,702.12 | |
| 5/23/2014 | 8,175.53 | 40,877.65 | Net after Inputed Income |
| 6/6/2014 | 8,175.53 | 49,053.18 | |
| 6/20/2014 | 8,175.53 | 57,228.71 | Net after Inputed Income |
| 6/20/2014 | 125,139.21 | 182,367.92 | Vacation & Severance |
| 7/4/2014 | 8,983.47 | 191,351.39 | Regular Pay for 77 Hours |
| 7/18/2014 | 776.77 | 192,128.16 | Vacation |
| 8/1/2014 | | 192,128.16 | |
| 8/15/2014 | | 192,128.16 | |
| 8/29/2014 | | 192,128.16 | |
| 9/12/2014 | | 192,128.16 | |
| 9/26/2014 | | 192,128.16 | |
| 10/10/2014 | | 192,128.16 | |
| 10/24/2014 | | 192,128.16 | |
| 11/7/2014 | | 192,128.16 | |
| 11/21/2014 | | 192,128.16 | |
| 12/5/2014 | 0.65 | 192,128.81 | Net after Company Car Use |
| | 192,128.81 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |
| Total | 192,128.81 | | |

FEGS Health & Human Services                                                                4/14/2015
Senior VPs
**PINCUS, JUDITH**          Vice President, Sr

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 7,211.53 | 7,211.53 | Net after Inputed Income |
| 4/11/2014 | 7,211.53 | 14,423.06 | |
| 4/25/2014 | 7,211.53 | 21,634.59 | Net after Inputed Income |
| 5/9/2014 | 7,211.53 | 28,846.12 | |
| 5/23/2014 | 7,211.53 | 36,057.65 | Net after Inputed Income |
| 6/6/2014 | 7,211.53 | 43,269.18 | |
| 6/20/2014 | 7,211.53 | 50,480.71 | Net after Inputed Income |
| 7/4/2014 | 7,211.53 | 57,692.24 | |
| 7/18/2014 | 7,211.53 | 64,903.77 | Net after Inputed Income |
| 8/1/2014 | 7,211.53 | 72,115.30 | |
| 8/15/2014 | 7,211.53 | 79,326.83 | Net after Inputed Income |
| 8/29/2014 | 7,211.53 | 86,538.36 | |
| 9/12/2014 | 7,211.53 | 93,749.89 | |
| 9/26/2014 | 7,389.42 | 101,139.31 | Net after Inputed Income |
| 10/10/2014 | 8,260.49 | 109,399.80 | Including Retro of Sal. Increase |
| 10/24/2014 | 7,389.42 | 116,789.22 | Net after Inputed Income |
| 11/7/2014 | 7,389.42 | 124,178.64 | |
| 11/21/2014 | 7,389.42 | 131,568.06 | Net after Inputed Income |
| 12/5/2014 | 7,389.42 | 138,957.48 | |
| 12/19/2014 | 7,389.42 | 146,346.90 | Net after Inputed Income |
| 1/2/2015 | 7,389.42 | 153,736.32 | |
| 1/16/2015 | 7,389.42 | 161,125.74 | Net after Inputed Income |
| 1/30/2015 | 7,389.42 | 168,515.16 | |
| 2/13/2015 | 7,389.42 | 175,904.58 | |
| 2/27/2015 | 7,389.42 | 183,294.00 | Net after Inputed Income |
| 3/13/2015 | 7,389.42 | 190,683.42 | |
| 3/27/2015 | 7,389.42 | 198,072.84 | Net after Inputed Income |
| | 198,072.84 | | |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |

| Total | 198,072.84 |
|---|---|

FEGS Health & Human Services                                                                                    4/14/2015
Senior VPs
**FARBER, JULIE A**          **Vice President, Sr**

Payroll

| Pay Date | Amount | Cumulative | Comments |
|---|---|---|---|
| 3/14/2014 | | - | |
| 3/28/2014 | 6,153.85 | 6,153.85 | Net after Inputed Income |
| 4/11/2014 | 6,153.85 | 12,307.70 | |
| 4/25/2014 | 6,153.85 | 18,461.55 | Net after Inputed Income |
| 5/9/2014 | 6,153.85 | 24,615.40 | |
| 5/23/2014 | 6,153.85 | 30,769.25 | Net after Inputed Income |
| 6/6/2014 | 6,153.85 | 36,923.10 | |
| 6/20/2014 | 6,153.85 | 43,076.95 | Net after Inputed Income |
| 7/4/2014 | 6,153.85 | 49,230.80 | |
| 7/18/2014 | 6,153.85 | 55,384.65 | Net after Inputed Income |
| 8/1/2014 | 6,153.85 | 61,538.50 | |
| 8/15/2014 | 6,153.85 | 67,692.35 | Net after Inputed Income |
| 8/29/2014 | 6,153.85 | 73,846.20 | |
| 9/12/2014 | 6,153.85 | 80,000.05 | |
| 9/26/2014 | 6,307.69 | 86,307.74 | Net after Inputed Income |
| 10/10/2014 | 7,062.25 | 93,369.99 | Including Retro of Sal. Increase |
| 10/24/2014 | 6,307.69 | 99,677.68 | Net after Inputed Income |
| 11/7/2014 | 6,307.69 | 105,985.37 | |
| 11/21/2014 | 6,307.69 | 112,293.06 | Net after Inputed Income |
| 12/5/2014 | 6,307.69 | 118,600.75 | |
| 12/19/2014 | 6,307.69 | 124,908.44 | Net after Inputed Income |
| 1/2/2015 | 6,307.69 | 131,216.13 | |
| 1/16/2015 | 6,307.69 | 137,523.82 | Net after Inputed Income |
| 1/30/2015 | 6,307.69 | 143,831.51 | |
| 2/13/2015 | 6,307.69 | 150,139.20 | |
| 2/27/2015 | 6,307.69 | 156,446.89 | Net after Inputed Income |
| 3/13/2015 | 6,307.69 | 162,754.58 | |
| 3/27/2015 | 6,307.69 | 169,062.27 | Net after Inputed Income |
| 4/10/2015 | | 169,062.27 | |
| 4/24/2015 | | 169,062.27 | |

169,062.27

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| | - | | |

Total          169,062.27

FEGS Health & Human Services                                                        4/14/2015
Senior VPs
**RAMBEAU, LEE**        **Vice President, Sr**

Payroll

| Pay Date | Amount | Cumulative | Company Car Use | Comments |
|---|---|---|---|---|
| 3/14/2014 |  | - |  |  |
| 3/28/2014 | 8,482.45 | 8,482.45 |  | Net after Ecex Deff Comp & Inputed Income |
| 4/11/2014 | 8,482.45 | 16,964.90 |  |  |
| 4/25/2014 | 8,482.45 | 25,447.35 |  | Net after Ecex Deff Comp & Inputed Income |
| 5/9/2014 | 8,482.45 | 33,929.80 |  |  |
| 5/23/2014 | 8,482.45 | 42,412.25 |  | Net after Ecex Deff Comp & Inputed Income |
| 6/6/2014 | 8,482.45 | 50,894.70 |  |  |
| 6/20/2014 | 9,059.37 | 59,954.07 |  | Net after Ecex Deff Comp & Inputed Incomeand I ncluding Sal. Increase |
| 7/4/2014 | 9,443.99 | 69,398.06 |  |  |
| 7/18/2014 | 9,443.99 | 78,842.05 |  | Net after Ecex Deff Comp & Inputed Income |
| 8/1/2014 | 9,443.99 | 88,286.04 |  |  |
| 8/15/2014 | 9,443.99 | 97,730.03 |  | Net after Ecex Deff Comp & Inputed Income |
| 8/29/2014 | 9,443.99 | 107,174.02 |  |  |
| 9/12/2014 | 9,443.99 | 116,618.01 |  |  |
| 9/26/2014 | 9,680.09 | 126,298.10 |  | Net after Ecex Deff Comp & Inputed Income |
| 10/10/2014 | 10,838.42 | 137,136.52 |  | Including Retro of Sal. Increase |
| 10/24/2014 | 9,680.09 | 146,816.61 |  | Net after Ecex Deff Comp & Inputed Income |
| 11/7/2014 | 9,680.09 | 156,496.70 |  |  |
| 11/21/2014 | 9,680.09 | 166,176.79 |  | Net after Ecex Deff Comp & Inputed Income |
| 12/5/2014 | 9,680.09 | 175,856.88 |  |  |
| 12/19/2014 | 9,680.09 | 185,536.97 | 3,256.67 | Net after Ecex Deff Comp & Inputed Income and Company Car Use |
| 1/2/2015 | 9,680.09 | 195,217.06 |  |  |
| 1/16/2015 | 9,680.09 | 204,897.15 |  | Net after Ecex Deff Comp & Inputed Income |
| 1/30/2015 | 9,680.09 | 214,577.24 |  |  |
| 2/13/2015 | 9,680.09 | 224,257.33 |  |  |
| 2/27/2015 | 9,680.09 | 233,937.42 |  | Net after Ecex Deff Comp & Inputed Income |
| 3/13/2015 | 5,808.06 | 239,745.48 |  |  |
| 3/27/2015 |  | 239,745.48 |  |  |
|  | 239,745.48 |  | 3,256.67 |  |

AP Checks and Wire Transfers

| Check # | Amount | Date | Comments |
|---|---|---|---|
| 318837 | 55.00 | 8/6/2014 | Travel Expense Reimbursement |
| 324533 | 161.74 | 3/27/2015 | Travel Expense Reimbursement |
|  | 216.74 |  |  |

| Total | 239,962.22 |
|---|---|