Hearing Date: May 19, 2015 at 10:00 a.m.
Objection Deadline: May 12, 2015 at 5:00 p.m.

Robert J. Feinstein
Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
ischarf@pszjlaw.com

*Proposed Counsel for Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
In re:                                                       :        Chapter 11
                                                             :
FEDERATION EMPLOYMENT AND                                    :
GUIDANCE SERVICE, INC. d/b/a FEGS                            :        Case No. 15-71074 (REG)
                                                             :
                    Debtor.                                  :
---------------------------------------------------------------------X

### NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case, by and through its undersigned counsel, filed the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Establishing Information Sharing Procedures and (II) Granting Related Relief* (the "Motion") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). A copy of the Motion is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **May 19, 2015 at 10:00 a.m.** before the Honorable Robert E. Grossman at Courtroom 860 at

The Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and (iii) be filed on or before M**ay 12, 2015 at 5:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that you must also serve a copy of any response or objection upon: (i) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), and Ilan D. Scharf (ischarf@pszjlaw.com); (ii) proposed counsel for the Debtor, (a) Togut Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10118, Attn: Frank A. Oswald (frankoswald@teamtogut.com) and (b) Garfunkel Wild P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Burton S. Weston (bweston@garfunkelwild.com); (iii) the Office of the United States Trustee for the Eastern District of New York, Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, New York, Attn: Christine Black, Assistant U.S. Trustee; and (iv) any parties on whom responses or objections must be served pursuant to the *Case Management Procedures* established in this case pursuant to the *Final Administrative Order Establishing Case Management Procedures* entered by the Bankruptcy Court on April 17, 2015 [Dkt. No. 160], with a copy to Chambers.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court in the manner proscribed in

the Case Management Procedures and must otherwise comply with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Motion without further notice.

Dated: May 1, 2015

                                                PACHULSKI STANG ZIEHL & JONES LLP

                                                */s/ Ilan D. Scharf*
                                                Robert J. Feinstein
                                                Ilan D. Scharf
                                                780 Third Avenue, 34th Floor
                                                New York, New York 10017-2024
                                                Telephone:   (212) 561-7700
                                                Facsimile:     (212) 561-7777
                                                rfeinstein@pszjlaw.com
                                                ischarf@pszjlaw.com

                                                *Proposed Counsel for Official Committee of Unsecured Creditors*

Robert J. Feinstein
Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
ischarf@pszjlaw.com

*Proposed Counsel for Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
In re:                                                                          :         Chapter 11
                                                                                    :
FEDERATION EMPLOYMENT AND                           :
GUIDANCE SERVICE, INC. d/b/a FEGS,              :         Case No. 15-71074 (REG)
                                                                                    :
                         Debtor.                                         :
----------------------------------------------------------------X

**MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION
SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Federation Employment and Guidance Service, Inc. d/b/a FEGS ("FEGS" or the "Debtor"), the debtor and debtor in possession in the above-captioned case under chapter 11 of Title of the United States Code (as amended, the "Bankruptcy Code"), by and through its undersigned proposed counsel, hereby moves (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide information to creditors and establishing information sharing procedures.  In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

3. On March 18, 2015 the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties and assets as a debtor in possession. No trustee or examiner has been appointed in this Case.

4. On March 31, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 105]. The Committee consists of the following three members: (i) InterAgency Council of Developmental Disabilities Agencies, Inc.; (ii) Netsmart Technologies, Inc.; and (iii) Ultimate Psychological Consultation and Evaluation, P.C.

## RELIEF REQUESTED

5. By this Motion, the Committee seeks entry of an order clarifying section 1102(b)(3)(A) of the Bankruptcy Code, which requires the Committee to provide access to information to any creditor the Committee that holds a claim of the kind represented by the Committee. Specifically, the Committee seeks to (a) clarify that the Committee is not required to provide access to Confidential Information (as defined below) and/or Privileged Information (as defined below) and (b) establish procedures that will help assure that confidential, privileged,

proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtor's estate and will aid the Committee in performing its statutory functions.

## BASIS FOR RELIEF

6. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

7. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the Committee expects the Debtor and

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtor's financial condition or performance, the Debtor's business operations, including, without limitation, any and all information relating to the Debtor's suppliers and customers, the valuation of the Debtor and/or their assets, or the sale of the Debtor's assets provided to the Committee by the Debtor, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtor (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtor, as well as derivations, summaries, and analyses of the same.

other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and related information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures and applicable state or federal law.

8. In this case, absent appropriate protections, the Debtor and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively. As such, given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement that the Committee to provide access to information to exclude Confidential Information.

9. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine). Such a reading the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information (collectively, the "<u>Privileged Information</u>").[2] Clearly, any obligation to disseminate Privileged Information could hamstring Committee counsel's ability to effectively communicate with and advise the Committee. Thus, the Committee seeks an order of the Court clarifying that the Committee is not obligated under section 1102 to provide access to any Privileged Information. However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

---

[2] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney- work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtor or some other party.

10. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters… the intention of the drafters, rather that the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

11. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§243.100 to 243.103 (2005).

12. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them."). As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress

intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Rules, such as section 107(b) or Rule 9018.

13. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." The language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

14. That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

15. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as

set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

16. The relief sought by the Committee is not only for the benefit of the Debtor and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its Bylaws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtor and potentially other parties.

17. Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of such privilege would be eviscerated, and both the Debtor and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

18. Accordingly, bankruptcy courts which have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g., In re National Air Cargo, Inc.,* Case No. 14-12414 (MJK) (Bankr. W.D.N.Y Jan. 27, 2015); *In re 155 Route 10 Associates, Inc.*, Case No. 12-24414 (NLW) (Bankr. D.N.J. Aug. 6, 2012);  *In re Hudson Healthcare, Inc.*, Case No. 11-33014

(DHS) (Bankr. D.N.J. Sept. 13, 2011); *In re R. Esmerian Inc.*, Case No. 10-12719 (RDD) (Bankr. S.D.N.Y. January 18, 2011); *In re Neff Corp.*, Case No. 10-12610 (SCC), (Bankr. S.D.N.Y July 13, 2010); *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. August 26, 2009); *In re Ion Media Networks, Inc.*, et al., Case No. 09-13125 (JMP) (Bankr. S.D.N.Y. August 20, 2009); *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. August 3, 2009); *In re Lyondell Chemical Company, et al.*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y. April 29, 2009); *In re Tarragon Corporation*, Case No. 09-10555 (DHS) (Bankr. D.N.J. Apr. 23, 2009); *In re Charter Communications, Inc. et al.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. May 21 2009); *In re Tronox, Inc., et al.*, Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Feb. 26, 2009); In *re Paper International, Inc., et al.*, Case No. 08-13917 (RDD) (Bankr. S.D.N.Y. Jan. 6, 2009); *In re Kara Homes, Inc.*, Case No. 06-19626 (MBK) (Bankr. D.N.J. Dec. 12, 2006); *In re Beth Israel Hosp. Assoc. of Passaic d/b/a PBI Reg'l Med. Ctr.*, Case No. 06-16186 (NLW) (Bankr. D.N.J. Sept.7, 2006); and *In re Refco, Inc*. (2005 WL 3543953) (Bankr. S.D.N.Y Dec. 23, 2005).

    19. In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

b.  <u>Information Obtained Through Discovery</u>.  Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

c.  <u>Creditor Information Requests</u>.  If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u>.

d.  <u>Release of Confidential Information of Third Parties</u>.  If the Information Request implicates Confidential Information of the Debtor (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtor's creditors:  (a) if the Confidential Information is information of the Debtor, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtor, stating that such information will be disclosed in the manner described in the

> Demand unless the Debtor objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtor's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand.

20. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtor, the Committee and affected creditors.

21. The Committee, through its proposed counsel, will also establish and maintain a website, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of this chapter 11 case and a further order of the Court. For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/FEGS to make non-confidential and non-privileged information available to unsecured creditors. The Committee website will contain links to the Court's ECF\CM website, posts of relevant pleadings, and provide creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that this case is active.

22. The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtor but will likely cause serious harm to the Debtor's estate. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the

Bankruptcy Code, in order to maximize the value of the estate, the Committee respectfully requests that the relief herein be granted.

**NO PRIOR REQUEST**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

**NOTICE**

24. Notice of this Motion has been given to the following parties: (a) the Office of the United States Trustee for the Eastern District of New York; (b) counsel to the Debtor; and (c) all other parties designated for service on the Master Service List pursuant to the Case Management Procedures approved by the Court on April 17, 2015 [Dkt. No. 160]. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: May 1, 2015

        PACHULSKI STANG ZIEHL & JONES LLP

        */s/ Ilan D. Scharf*
        Robert J. Feinstein
        Ilan D. Scharf
        780 Third Avenue, 34th Floor
        New York, New York 10017-2024
        Telephone:   (212) 561-7700
        Facsimile:    (212) 561-7777
        rfeinstein@pszjlaw.com
        ischarf@pszjlaw.com

        *Proposed Counsel for Official Committee of Unsecured Creditors*

# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                        :         Chapter 11
                                                              :
FEDERATION EMPLOYMENT AND                                     :
GUIDANCE SERVICE, INC. d/b/a FEGS,                            :         Case No. 15-71074 (REG)
                                                              :
                        Debtor.                               :
-------------------------------------------------------------------X

**ORDER (I) ESTABLISHING INFORMATION SHARING
PROCEDURES AND (II) GRANTING RELATED RELIEF**

This matter came before the Court on the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Establishing Information Sharing Procedures and (II) Granting Related Relief* (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee") of Federation Employment and Guidance Service, Inc. d/b/a FEGS ("FEGS" or the "Debtor"). The Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtor's estate and creditors, and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Motion.

DOCS_NY:32351.4 27436/002

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtor to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   b. Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

   c. Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section

1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera.

    d.    Release of Confidential Information of Third Parties.  If the Information Request implicates Confidential Information of the Debtor (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") for the benefit of the Debtor's creditors:  (a) if the Confidential Information is information of the Debtor, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtor, stating that such information will be disclosed in the manner described in the Demand unless the Debtor objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtor's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand.

5. The Committee may establish and maintain a website as described in the Motion. The Committee may use the Debtor's logo on the website.

6. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.