Hearing Date: May 19, 2015 at 10:00 a.m.
Objection Deadline: May 12, 2015 at 5:00 p.m.

Robert J. Feinstein
Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
ischarf@pszjlaw.com

*Proposed Counsel for Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                      :           Chapter 11
                                                            :
FEDERATION EMPLOYMENT AND                                   :
GUIDANCE SERVICE, INC. d/b/a FEGS,                          :           Case No. 15-71074 (REG)
                                                            :
                      Debtor.                               :
-----------------------------------------------------------------X

## NOTICE OF APPLICATION FOR ENTRY FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. *NUNC PRO TUNC* TO APRIL 6, 2015

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors

(the "Committee") appointed in the above-captioned chapter 11 case filed the *Application for*

*Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones*

*LLP as Counsel to the Official Committee of Unsecured Creditors of Federation Employment*

*and Guidance Service, Inc. Nunc pro tunc to April 6, 2015* (the "Application") with the (the

"Bankruptcy Court").  A copy of the Application is attached hereto.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on **May 19, 2015 at 10:00 a.m.** before the Honorable Robert E. Grossman at Courtroom 860 at The Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Application must (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Court, and (iii) be filed on or before M**ay 12, 2015 at 5:00 p.m.**

PLEASE TAKE FURTHER NOTICE that you must also serve a copy of any response or objection upon: (i) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein ([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)), and Ilan D. Scharf ([ischarf@pszjlaw.com](mailto:ischarf@pszjlaw.com)); (ii) proposed counsel for the Debtor, (a) Togut Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY  10118, Attn:  Frank A. Oswald ([frankoswald@teamtogut.com](mailto:frankoswald@teamtogut.com)) and (b) Garfunkel Wild P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Burton S. Weston ([bweston@garfunkelwild.com](mailto:bweston@garfunkelwild.com)); (iii) the Office of the United States Trustee for the Eastern District of New York, Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, New York, Attn: Christine Black, Assistant U.S. Trustee; and (iv) any parties on whom responses or objections must be served pursuant to the *Case Management Procedures* established in this case pursuant to the *Final Administrative Order Establishing Case Management Procedures* entered by the Court on April 17, 2015 [Dkt.

No. 160], with a copy to Chambers.

    **PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Application must be filed with the court in the manner proscribed in the Case Management Procedures and must otherwise comply with the Case Management Procedures.

    **PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Court may grant the relief requested in the Application without further notice.

Dated: May 1, 2015

       PACHULSKI STANG ZIEHL & JONES LLP

       */s/ Ilan D. Scharf*
       Robert J. Feinstein
       Ilan D. Scharf
       780 Third Avenue, 34th Floor
       New York, NY  10017
       Telephone:  (212) 561-7700
       Facsimile:   (212) 561-7777
       Email:  rfeinstein@pszjlaw.com
          ischarf@pszjlaw.com

       *Proposed Counsel for*
       *Official Committee of Unsecured Creditors*

Robert J. Feinstein
Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
ischarf@pszjlaw.com

*Proposed Counsel for Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                    :              Chapter 11
                                                                          :
FEDERATION EMPLOYMENT AND                         :
GUIDANCE SERVICE, INC., d/b/a FEGS,              :              Case No. 15-71074 (REG)
                                                                          :
                                        Debtor.                   :
-------------------------------------------------------------------X

### APPLICATION FOR ENTRY FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. *NUNC PRO TUNC* TO APRIL 6, 2015

The Official Committee of Unsecured Creditors (the "Committee") of Federation

Employment and Guidance Service, Inc. d/b/a FEGS ("FEGS" or the "Debtor") hereby submits

its application (the "Application") for the entry of an order, pursuant to sections 328(a) and

1103(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014

of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule

2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern

District of New York (the "Local Rules"), authorizing and approving the employment of

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in

connection with the Debtor's chapter 11 case, *nunc pro tunc* to April 6, 2015.  In support of the

Application, the Committee submits the declaration of Ilan D. Scharf (the "Scharf Declaration"), a partner of the Firm, attached hereto as **Exhibit B** and incorporated herein by reference.  In support of the Application, the Committee respectfully represents as follows:

### BACKGROUND

1.      On March 18, 2015 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as a debtor in possession.  No trustee or examiner has been appointed in this case.

2.      On March 31, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 105].  The Committee consists of the following three members:  (i) InterAgency Council of Development Disabilities Agencies, Inc.; (ii) Netsmart Technologies, Inc.; and (iii) Ultimate Psychological Consultation and Evaluation, P.C.

3.      On April 6, 2015, after meeting to consider retention of counsel, the Committee selected PSZJ as its counsel.

4.      The Firm has extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including in the Eastern and Southern Districts of New York.  The Firm's recent experience in the Eastern District includes serving as counsel to the Securities Investor Protection Corporation, as trustee, in the SIPC liquidation captioned *Securities Investor Protection Corporation v. TWS Financial LLC,* Case No. 13-01152-ESS.  In the Southern District, the Firm recently represented the official committee of unsecured creditors in the chapter 11 cases of The Christian Brothers' Institute,

(Case No. 11-22820-), Neff Corp, (Case No. 10-12610-SCC), Salander-O'Reilly Galleries, LLC (Case No. 07-30005-CGM) and has served as conflicts counsel to the committees in Residential Capital, LLC, (Case No. 12-12020-MG) and Old Carco LLC (f/k/a Chrysler LLC, (Case No. 09-50002-AJG).  Moreover, the Firm has extensive national experience representing committees in cases where the debtor is a not-for-profit health care provider, including most recently Adair County Public Hospital Corp (Bankr.W.D. Ky) (owner and operator of hospital), San Diego Hospice and Palliative Care (Bankr. S.D. Ca.) (not-for-profit hospice operator), Nevada Cancer Institute (Bankr. N.D. Nev.) (not-for-profit cancer institute), and Hawaii Medical Center (Bankr. D. Haw.) (not-for-profit hospital).  Accordingly, the Committee believes that the Firm is well-qualified to render the services described below.

## JURISDICTION

5.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELIEF REQUESTED

6.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in this chapter 11 case.  The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estate on behalf of the Committee.  The Committee seeks to retain the Firm *nunc pro tunc* to

April 6, 2015, because the Firm began providing services to the Committee as of such date.  The

Committee believes that such *nunc pro tunc* retention is appropriate in this case because the

Committee required effective representation prior to such time as a retention application could be

submitted to the Court due to the exigencies of this case, and the Firm has been providing

services to the Committee since April 6, 2015.

## SERVICES TO BE RENDERED

7.       Subject to further Order of this Court, the Firm is expected to render, among other

services, the following services to the Committee:

a.       Assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this case;

b.       Assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c.       Assisting, advising, and representing the Committee in connection with the transfers of any programs operated by the Debtor to different agencies;

d.       Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

e.       Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

f.       Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

g.       Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

h.       Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

i.      Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions and claims against directors and officers and any other party; and

j.      Providing such other services to the Committee as may be necessary in this case.

<u>**NO ADVERSE INTEREST OF PROFESSIONALS**</u>

8.      To the best of the Committee's knowledge, and based upon the Scharf Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Scharf Declaration.

9.      To the best of the Committee's knowledge, except as provided in the Scharf Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

10.      While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as this case progresses, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

11.      The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtor. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtor.

<u>**PROFESSIONAL COMPENSATION**</u>

12.      The Committee desires to employ the Firm and compensate the Firm with reasonable fees subject to approval by the Court.  No compensation will be paid to the Firm

except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm has received no retainer in this case to represent the Committee. Neither the Committee nor any of its partners (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee. PSZJ's standard hourly rates at this time are $575 to $1,145 per hour for partners; $525 to $925 per hour for associates and of counsel; and $275 to $325 per hour for paralegals. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Robert J. Feinstein, Partner | $995 per hour |
| b. | Ilan D. Scharf, Partner | $650 per hour |
| c. | Jason H. Rosell, Of Counsel | $525 per hour |
| d. | Denise A. Harris, Paralegal | $295 per hour |

13.    The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.[1] However, in this case, at the request of the Committee, PSZJ, has agreed to discount its standard hourly rates by 15% and to impose a blended rate cap of $500 per hour across all attorneys and paraprofessionals, subject to PSZJ's ability to seek approval of its full rates upon approval of the Committee based on results achieved.

14.    It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to

---

[1]    These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

### NOTICE

15.      Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the Eastern District of New York; (b) counsel to the Debtor; and (c) all other parties designated for service on the Master Service List pursuant to the Case Management Procedures approved by the Court on [Dkt. No. 160].  In light of the nature of the relief requested, the Committee submits that no further notice is required.

### NO PRIOR REQUEST

16.      No prior Application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as **Exhibit A**, approving the employment of the Firm as its counsel, *nunc pro tunc* to April 6, 2015, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper.

*[Signature Page Follows]*

Date: April 30, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC.**

InterAgency Council of Development Disabilities Agencies, Inc.

By: */s/ Peter Pieri*
     Through: Peter Pieri
     Its: Executive Director

Netsmart Technologies, Inc.

By: */s/ Allison Trimble*
     Through: Allison Trimble
     Its: Corporate Counsel

Ultimate Psychological Consultation and Evaluation, P.C.

By: */s/ Eric Plaue*
     Through: Eric Plaue
     Its: President

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
Robert J. Feinstein
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
     ischarf@pszjlaw.com

Proposed Counsel for
Official Committee of Unsecured
Creditors

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                    :         Chapter 11
                                                          :
FEDERATION EMPLOYMENT AND                                 :
GUIDANCE SERVICE, INC. d/b/a FEGS,                        :         Case No. 15-71074 (REG)
                                                          :
                                    Debtor.               :
------------------------------------------------------------------X


### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FEDERATION EMPLOYMENT  AND GUIDANCE SERVICE, INC. *NUNC PRO TUNC* TO APRIL 6, 2015

Upon consideration of the *Application for Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of Federation Employment and Guidance Service, Inc. Nunc Pro Tunc to April 6, 2015* [Dkt. No. __] (the "Application")[1] and the Declaration of Ilan D. Scharf in support of the Application (the "Scharf Declaration") filed by the Official Committee of Unsecured Creditors (the "Committee") of Federation Employment and Guidance Service, Inc. d/b/a FEGS (the "Debtor"), pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP as counsel for the Committee in this case; and the Court having jurisdiction to consider the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the court being satisfied that the Firm does not represent any entity

having an adverse interest to the Debtor; and due and proper notice of the Application having

been provided, and it appearing that no other or further notice need be provided; and it appearing

to the Court that the said Application should be approved, it is, therefore, ORDERED that:

1.     The Application is GRANTED.

2.     The Committee is authorized to retain and employ PSZJ as counsel to the

Committee *nunc pro tunc* to April 6, 2015.  Subject to Court approval, PSZJ may be

compensated for services rendered and reimbursed for expenses incurred beginning on April 6,

2015.

3.     PSZJ shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtor's case as set forth in the

Application and in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4.     The Committee and PSZJ are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

5.     PSZJ is authorized to sign and file electronically all notices, orders, motions,

applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies

and other documents filed in support of such documents and all objections and responses related

to any such documents filed by any party in the Debtor's chapter 11 case.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# EXHIBIT B

## Declaration of Ilan D. Scharf

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                           :        Chapter 11
                                                 :
FEDERATION EMPLOYMENT AND                        :
GUIDANCE SERVICE, INC. d/b/a FEGS,               :        Case No. 15-71074 (REG)
                                                 :
                              Debtor.            :
-------------------------------------------------------------------X

**DECLARATION IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF FEDERATION EMPLOYMENT AND GUIDANCE
SERVICE, INC. *NUNC PRO TUNC* TO APRIL 6, 2015**

I, Ilan D. Scharf, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and

pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Rule

2014-1 of the Local Rules that the following is true and correct:

1.        I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"

or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, New York

10017.  I am duly admitted to practice law in, among other places, the State of New York and the

United States District Court for the Eastern District of New York.  I am authorized to submit this

*Declaration in Support of the Application for Entry of an Order Authorizing and Approving the*

*Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of*

*Unsecured Creditors of Federation Employment and Guidance Service, Inc. Nunc Pro Tunc to*

*April 6, 2015* (the "Application").

2.        The Firm has extensive experience representing creditors' committees, debtors,

creditors, trustees, and others in a wide variety of bankruptcy cases, including in the Eastern and

Southern Districts of New York.  The Firm's recent experience in the Eastern District includes

serving as counsel to the Securities Investor Protection Corporation, as trustee, in the SIPC liquidation captioned *Securities Investor Protection Corporation v. TWS Financial LLC,* Case No. 13-01152-ESS. In the Southern District, the Firm recently represented the official committee of unsecured creditors in the chapter 11 cases of The Christian Brothers' Institute, (Case No. 11-22820-), Neff Corp, (Case No. 10-12610-SCC), Salander-O'Reilly Galleries, LLC (Case No. 07-30005-CGM) and has served as conflicts counsel to the committees in Residential Capital, LLC, (Case No. 12-12020-MG) and Old Carco LLC (f/k/a Chrysler LLC, (Case No. 09-50002-AJG). Moreover, the Firm has extensive national experience representing committees in cases where the debtor is a not-for-profit health care provider, including most recently Adair County Public Hospital Corp (Bankr.W.D. Ky.) (owner and operator of hospital), San Diego Hospice and Palliative Care (Bankr. S.D. Ca.) (not-for-profit hospice operator), Nevada Cancer Institute (Bankr. N.D. Nev.) (not-for-profit cancer institute), and Hawaii Medical Center (Bankr. D. Haw.) (not-for-profit hospital). Accordingly, the Firm is well-qualified to render the services described below.

3.      Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

4.      Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) on proposed counsel to the an official committee of unsecured creditors. However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtor, its estate, professionals, and the Office of the United States Trustee.

5.      The Firm has made the following investigation of disinterestedness prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of the Debtor, the creditors of the Debtor as disclosed by it in filings with the Court, and the U.S. Trustee through the Firm's database. The names of the parties entered in the Firm's database with respect to the Firm's conflicts check in this case are set forth on Schedule 1 hereto.

6.      Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtor in which an actual conflict exists between the Firm and such creditors.  If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court, with a copy to the United States Trustee, an amended declaration identifying and specifying such involvement.

7.      PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of any current representations.  If the Firm identifies any further such representations, the Firm will make further disclosures as may be appropriate at that time.

8.      PSZJ represented, represents, and in the future will likely represent committees in matters unrelated to the Debtor and this case, whose members may be creditors and/or committee members in this case.  At this time, the Firm is not aware of any such representations.  If the Firm identifies any further such representations, the Firm will make further disclosures as may be appropriate at that time.

9.      The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this case wherein professionals retained in this case have also served as professionals, including the Committee's proposed financial advisor, Alvarez & Marsal, and the Debtor's proposed financial advisor, Crowe Horwath.

10.      Specifically, the Firm currently serves as counsel to Alvarez & Marsal, LLC ("A&M") and one of its Managing Directors, Stan Springel ("Springel"), as defendants in an adversary proceeding captioned *Kennedy v. Skadden Arps Slate Meagher & Flom LLP, et al. (In re Radnor Holdings Corp.)*, Adv. Pro. No. 12-51308 (KG), which is pending in the United States Bankruptcy Court for the District of Delaware (the "Radnor Adversary").  The Radnor Adversary is unrelated to the Debtor's chapter 11 case.  The Firm will not represent A&M or Springel in the Debtor's chapter 11 case; provided, however, that PSZJ may from time to time assist A&M with procedural matters in connection with this case, such as filing and service copies of its retention and fee applications, if any.

11.      The Firm has not received any retainer or payment from the Debtor or Committee. Nor has the Firm received any promise of payment in connection with this case, during the one-year period prior to the filing of the Debtor's petition.  No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this case.  No promises have

been received by the Firm nor by any attorneys thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter case, except among the partners, of counsel and associates of the Firm. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

12.     The Firm intends to apply for compensation for professional services rendered in connection with this case subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm has received no retainer in this case to represent the Committee. Neither the Committee nor any of its partners (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee. PSZJ's standard hourly rates at this time are $575 to $1,145 per hour for partners; $525 to $925 per hour for associates and of counsel; and $275 to $325 per hour for paralegals. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

|     |                                |                 |
| --- | ------------------------------ | --------------- |
| a.  | Robert J. Feinstein, Partner   | $995 per hour   |
| b.  | Ilan D. Scharf, Partner        | $650 per hour   |
| c.  | Jason H. Rosell, Of Counsel    | $525 per hour   |
| d.  | Denise A. Harris, Paralegal    | $295 per hour   |

13.    The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.[1] However, in this case, at the request of the Committee, PSZJ has agreed to discount its standard hourly rates by 15% and to impose a blended rate cap of $500 per hour across all attorneys and paraprofessionals, subject to PSZJ's ability to seek approval of its full rates upon approval of the Committee based on results achieved.

14.    Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services.  The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

15.    It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and

---

[1]    These rates are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16.    Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this case.  PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtor's estate. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   May 1, 2015

By:    */s/ Ilan D. Scharf*
       Ilan D. Scharf

**Schedule 1**

| 20 argest Creditors: |
| --- |

1.  Oxford Health Plans Inc.
2.  New York State Office Of Mental Health
3.  FOJP Service Corp.
4.  Bronx Lebanon Hospital Center
5.  Netsmart Technologies Inc.
6.  NextSource Inc.
7.  InterAgency Counsel
8.  Loeb & Troper
9.  United States Department of Housing and Urban Development
10. Mitchell/Martin Inc.
11. American Express
12. Coordinated Behavioral Care
13. Ultimate Psychological
14. North Shore - LIJ Health Systems
15. Driscoll/Metropolitan Foods
16. Executive Cleaning Services
17. 147 Corp.
18. Aetna Inc.
19. Coned Solutions
20. Montefiore Medical Center

| Litigation Parties: |
| --- |

1.     Ruisi, Gina
2.     Ruisi, Joseph
3.     Curry, Charles
4.     Curry, Kevin
5.     F.E.G.S. Holding Corp.
6.     Davis, Brianna
7.     Davis, Noel
8.     Pedroso, Maura
9.     F.E.G.S. Procare
10.    Federation of Multicultural Programs Inc.

| DIP Lender: |
| --- |

1.     United Jewish Appeal Federation of Jewish Philanthropies of New York, Inc.

| Professionals: |
|---|
| 1.    Garfunkel Wild |
| 2.    Togut Segal & Segal |
| 3.    Alvarez & Marsal |
| 4.    Crowe Horwath |

| Current and Former Officers & Directors: |
|---|
| 1.    Oltchick, Stuart |
| 2.    Alter, Allen |
| 3.    Wetzler, James W. |
| 4.    Asch, George |
| 5.    Gabay, Alex |
| 6.    Greenberg, Alex |
| 7.    Brownstein, Andrew R. |
| 8.    Gosin, Barry |
| 9.    Gerz, Benjamin Ira |
| 10.   Kane, Brian A. |
| 11.   Strauss, Burton M. |
| 12.   Wolkoff, David E. |
| 13.   Larkin, Deborah S. |
| 14.   Brill, Edward A. |
| 15.   Goodman, H. David MD |
| 16.   Liebman, Howard M. |
| 17.   Crystal, Jonathan H.F. |
| 18.   Stein, Joseph Jr. |
| 19.   Margulies, Judith Rose |
| 20.   Berger, Lynn |
| 21.   Levin, M. Joseph |
| 22.   Bresler, Martin I. |
| 23.   Preston, Michael S. |
| 24.   Locker, Nancy |
| 25.   Silverstein, Patricia |
| 26.   lsserman, Richard D. |
| 27.   Lehrman, Robert O. |
| 28.   Tara Walpert Levy |
| 29.   Blumberg, Thomas |
| 30.   Feliks Frenkel |
| 31.   Halbfinger, Lynn |
| 32.   Wittels, Arlene |

| 5 Largest Secured Creditors: |
|---|
| 1.    Dormitory Authority of the State Of New York |
| 2.    New York City Industrial Development Agency |
| 3.    Office Mental Health |

| | |
|---|---|
| 4. | Bank of America |
| 5. | JP Morgan Chase |

**Additional Parties:**

| | |
|---|---|
| 1. | 116 Nassau Street Associates LLC |
| 2. | Acevedo, Angel |
| 3. | Acevedo, Yvette |
| 1. | AHRC Nassau |
| 2. | AHRC NYC |
| 3. | AHRC Suffolk |
| 4. | Amtrust Realty Corp. |
| 5. | Berkowitz, Marvin |
| 6. | Bush, Rick |
| 7. | Carimbocs, Ann |
| 8. | Charles, Jean |
| 9. | Episcopal Social Services of New York Inc. |
| 10. | Family Residence & Essential Enterprises Inc. |
| 11. | FEGS Health and Human Services System |
| 12. | FREE |
| 13. | Goodwill |
| 14. | Health Services Inc. |
| 15. | Heartshare |
| 16. | Human First |
| 17. | Hygiene Inc. |
| 18. | Job Path |
| 19. | Jones, Clarence |
| 20. | Kanwal Chadury |
| 21. | Mattie Avicello |
| 22. | Mayor's Fund to Advance New York City |
| 23. | New York City |
| 24. | New York City Department of Health and Mental Hygiene |
| 25. | New York City Department of Youth and Community Development |
| 26. | New York Health and Hospital Corporation |
| 27. | New York State Department of State Office for New Americans |
| 28. | New York State Office of Adult Career and Continuing Education  Services |
| 29. | New York State Office of Mental Health |
| 30. | New York State Office of Temporary and Disability Assistance |
| 31. | NY Foundling |
| 32. | Quentin Road Development LLC |
| 33. | Ramirez, Carmen |
| 34. | Ramirez, Ricardo |
| 35. | Research Foundation for Mental |
| 36. | United Cerebral Palsy of New York City |
| 37. | United Cerebral Palsy of New York State |