UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. d/b/a FEGS,<br><br>                  Debtor. | Chapter 11<br><br>Case No. 15-71074(REG) |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST,<br><br>                  Plaintiff,<br><br>vs.<br><br>OXFORD HEALTH PLANS,<br><br>                  Defendant. | Adv. Proc. No. 17- 08081-REG |

**STIPULATION REGARDING SUFFICIENCY OF CAP
UNDER 11 U.S.C. § 507(a)(5)**

Oxford Health Insurance, Inc. ("Oxford"), Judith Pincus, solely in her capacity as Plan Administrator ("PA"), and Robert N. Michaelson, solely in his capacity as the Creditor Trustee of the Creditor Trust (the "Trustee" and together with Oxford and the PA, the "Parties"), by and through their undersigned counsel, stipulate as follows:

**RECITALS**

1. Prior to the Petition Date (as defined below), Oxford was party to various group policy and group enrollment agreements with Federation Employment and Guidance Service, Inc. D/B/A FEGS (the "Debtor"), pursuant to which the Debtor contracted for group health insurance in exchange for premiums (the "Policies").

1

2. On March 18, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of title 11 of the United States Code.

3. On April 30, 2015, Oxford filed a proof of claim in the amount of $3,338,993.26 for unpaid premium under the Policies and claimed that the full amount of such claim was entitled to priority under 11 U.S.C. § 507(a)(5) (the "Proof of Claim").

4. On March 16, 2017, the Official Committee of Unsecured Creditors (the "Committee") filed the instant action against Oxford (the "Preference Case") alleging the avoidance and recovery of $6,073,028.48 of transfers from the Debtor to Oxford under 11 U.S.C. §§ 547 and 550 (the "Challenged Transfers").

5. On July 11, 2017, Oxford filed its Answer and Affirmative Defenses in the Preference Case, alleging that, among other things, the Challenged Transfers cannot be avoided and recovered under §§ 547 and 550, because the Challenged Transfers were premium payments entitled to priority under § 507(a)(5).

6. On February 6, 2018, this Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code of Federation Employment and Guidance Service, Inc. D/B/A FEGS* [Case No. 8-15-71074, Docket No. 1050] (the "Confirmation Order"). The Confirmation Order confirmed the *Third Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code of Federation Employment and Guidance Service, Inc. D/B/A FEGS* [Case No. 8-15-71074, ECF No. 976] (the "Plan"). Judith Pincus was appointed as the PA under the Plan.

7.  Pursuant to Sections 5.11, 8.1, and 8.2 of the Plan, and Section 4 of the Confirmation Order, the PA is expressly authorized to act for the Debtor, and in particular, the PA is authorized to object to, settle, or otherwise compromise Claims.[1]

8.  Pursuant to Section 8.1 and 8.2 of the Plan, the Trustee may also object to, settle, or otherwise compromise Claims.

9.  Pursuant to the Confirmation Order, the PA transferred to the Creditor Trust all of the estate's right, title, and interest in the Creditor Trust Claims that were being prosecuted by the Committee prior to the Effective Date.  The Preference Case is a Creditor Trust Claim that was transferred by the PA to the Creditor Trust.

10. On March 1, 2018, the Effective Date occurred under the Plan.

11. On March 29, 2018, the Trustee filed a notice of name change of the plaintiff in the Preference Case from the Committee to the Trustee.

## STIPULATION

12. In light of the foregoing, the Parties stipulate as follows:

13. Without agreeing to the applicability of 11 U.S.C. § 507(a)(5), if at all, there are sufficient funds under the cap calculation set forth in 11 U.S.C. § 507(a)(5)(B) for the entire amount of the Proof of Claim and the entire amount of the Challenged Transfers (had they not been made) to be entitled to treatment as a priority claim under § 507(a)(5). The PA and Trustee hereby waive any and all defenses, objections, or claims solely based on the dollar limitation provided under § 507(a)(5)(B) as it applies to the Proof of Claim and the Challenged Transfers, including in connection with any claim asserted by Oxford under 11 U.S.C. § 502(h) regarding the Challenged Transfers.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

14. The PA and Trustee reserve the right to assert in any claim objection with regard to the Proof of Claim or in the Preference Case with regard to the Challenged Transfers that they are not entitled to priority under § 507(a)(5), other than due to the dollar limitation provided in § 507(a)(5)(B). The PA and Creditor Trust also reserve the right to object to or otherwise challenge the amount of the Proof of Claim. Other than as expressly set forth in this Stipulation, the PA and Trustee are not waiving any claims that they have or may have against Oxford.

15. This stipulation shall be binding on any successor or assign of the PA and/or Trustee.

Dated: July 26, 2018

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attorneys for Robert N. Michaelson, solely in his capacity as Creditor Trustee of the FEGS Creditor Trust | **GARFUNKEL WILD, P.C.**<br>Attorneys for Judith Pincus, solely in he capacity as Plan Administrator |
| By: /s/Jeffrey P. Nolan (by permission)<br>  Ilan D. Scharf, Esq.<br>  Jeffrey P. Nolan, Esq.<br>  (admitted *pro hac vice*)<br>  780 Third Avenue, 34th Floor<br>  New York, NY 10017<br>  Tel: (212) 561-7700<br>  Email: ischarf@pszjlaw.com<br>      jnolan@pszjlaw.com | By: /s/ Burton S. Weston (by permission)<br>  Burton S. Weston, Esq.<br>  Adam T. Berkowitz, Esq.<br>  111 Great Neck Road<br>  Great Neck, NY 10017<br>  Tel: (212) 561-7700<br>  Email: ischarf@pszjlaw.com<br>      jnolan@pszjlaw.com |

**SHIPMAN & GOODWIN LLP**
Counsel for Defendant Oxford Health Insurance, Inc.

By: /s/ Eric Goldstein
   Eric Goldstein, Esq.
   Latonia Williams, Esq.
   One Constitution Plaza
   Hartford, CT 06103
   Tel: (860) 251-5000
   Email: egoldstein@goodwin.com
       lwilliams@goodwin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 26th day of July, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>   */s/* Eric Goldstein_____
>   Eric Goldstein
>   Shipman & Goodwin LLP
>   One Constitution Plaza
>   Hartford, CT 06103
>   (860) 251-5000
>
>   *Counsel for Oxford Health Insurance, Inc.*